[No. A025303. First Dist., Div. Two. Dec. 26, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
JORDAN CHABEEAR, Defendant and Appellant.

**COUNSEL**

Deborah Tuttelman, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—Jordan Chabeear entered a negotiated plea of guilty in municipal court to violation of Health and Safety Code section 11359. On certification to superior court, the court sentenced him to 16 months in state prison. The court also ordered that monies seized from him be distributed to a third party. On appeal, he contends that the court's order denied him due process of law.

On August 17, 1983, an Oakland police officer purchased marijuana from appellant at 720 Willow Street in Oakland. On August 26, 1983, pursuant to warrant, officers searched the Willow Street residence and arrested appellant as he attempted to flee out the front door. During the search $214 was found under a bedroom mattress. In addition, $138 was taken from appellant when he was arrested on charges of violation of Health and Safety Code section 11360.

The terms of appellant's negotiated plea were that three additional felony counts against him (two violations of Health & Saf. Code, § 11360 and one violation of Pen. Code, § 211) would be dismissed, that he would receive

the mitigated term of 16 months in prison, and that the $214 and the $138 taken from him would be returned if there were no other claimant.

The probation report stated that on October 17, 1983, the victim of the dismissed robbery count claimed that $280 was taken from him during the robbery. The probation officer therefore recommended that the victim be reimbursed from the money seized by the police.

At the sentence hearing, defense counsel submitted an order to return the seized funds to appellant. After pronouncing sentence, the court stated its intention to order that $280 be given to the robbery victim and that the difference, $72, be returned to appellant. The court asked defense counsel to modify his proposed order accordingly. Thereafter the court issued an order directing that the $214 and the $138 seized from appellant be released to the probation department for payment of restitution and that $72 be released to appellant.

■ Relying on *People* v. *Lawrence* (1956) 140 Cal.App.2d 133 [295 P.2d 4], appellant argues that the trial court's order of distribution without any hearing on the ownership of the monies taken from him deprived him of property without due process of law. He maintains that he is entitled to return of the monies unless the government can prove that they belong to someone else. The Attorney General concedes that the trial court erred. He argues, however, that appellant's remedy is to sue the robbery victim in small claims court for return of the funds.

In *Lawrence, supra,* the court held that it was a denial of due process to award money seized from a defendant to a third-party claimant without giving the defendant notice and an opportunity to be heard. (140 Cal.App.2d at p. 137.) The court stated: "Presumptively the money taken from defendant belonged to him. Conviction of a crime does not work a forfeiture of the person's property. [Citation.] While it very well may be, as the court here found, that this was stolen property, such fact must be determined by due process of law." (*Id.,* at p. 138; see also Pen. Code, §§ 1407-1413.)

In the case at bench, the record fails to show that before the court ordered release of appellant's money for distribution to the robbery victim, appellant was afforded the required notice and opportunity to be heard in opposition to the third party's claim. Nor does the record permit the inference that distribution of the money to the victim was pursuant to the plea agreement. For these reasons, and pursuant to the Attorney General's concession, we conclude that the trial court erred in ordering that $280 of the $352 taken from appellant be released to the probation department for distribution to the robbery victim. The question of remedy remains.

As indicated, the Attorney General suggests that the "simple and equitable remedy" would be for appellant to litigate his claim against the robbery victim in small claims court. Appellant replies that it would be unjust and inappropriate to require him to initiate litigation against a private third party to recover property belonging to him and which the government assertedly had no right to give away. We agree. The appropriate remedy, we believe, is to remand the matter to the trial court for hearing on disposition of the funds. (Cf. *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1091 [102 Cal.Rptr. 494].)

The judgment is affirmed. The order releasing the funds to the probation department for distribution of $280 to the robbery victim is reversed. The cause is remanded to the trial court with directions to conduct a hearing, with notice to appellant, the robbery victim, and other interested parties (e.g., the district attorney and the probation officer) and opportunity to be heard, on proper distribution of the funds; and, unless a third-party claim is legally established or distribution to a third party is determined to be otherwise lawful (e.g., pursuant to plea agreement), to order that the funds be released to appellant.[1] (Cf. Pen. Code, §§ 1407-1408, 1413; *Buker* v. *Superior Court, supra,* 25 Cal.App.3d at pp. 1090-1091.)

Judgment affirmed.

Rouse, J., and Smith, J., concurred.

---

[1]The record does not show that the court's distribution order was stayed pending appeal. If on remand it is determined that the funds were wrongfully distributed to a third party and that appellant is entitled thereto, the court shall order the money taken into custody of the court and thereafter released to appellant. (Cf. Pen. Code, § 1413, subd. (c).)