No. 68,879

STATE OF KANSAS, *Appellee,* v. ROBERT T. BALL, *Appellant.*
(877 P.2d 955)

Opinion filed July 8, 1994.

*Julie A. Gorenc,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the briefs for appellant.

*Robin A. Lewis,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Robert T. Stephan,* attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case comes before this court on grant of the State's petition for review and the defendant's cross-petition for review. We granted the State's petition for review on the single issue of whether the Court of Appeals correctly decided that the sentence imposed by the trial court was illegal because the trial court ordered restitution on charges that the State dismissed pursuant to a negotiated plea agreement. For reasons set forth in our opinion, we conclude that the order of restitution was not an illegal sentence. We granted the defendant's petition for review on an issue left unresolved because of the Court of Appeals' decision: Whether the trial court erred in awarding restitution without conducting a hearing to determine the amount. On the facts of this case, we conclude the trial court did not err. Accordingly, we reverse the Court of Appeals and affirm that portion of the trial court's sentence ordering restitution.

In June 1991, the State charged the defendant, Robert Ball, with three counts of residential burglary and three counts of felony theft. The information alleged that after unlawful entry into each residence the defendant stole property valued at more than $500, giving rise to the three felony theft charges.

Pursuant to a plea agreement, the defendant pled guilty to two counts of burglary, and the State dismissed the remaining counts. The prosecutor described the agreement as follows:

"[T]he defendant enters pleas of guilty to Counts I and III, State would dismiss the remainder of these counts. Both parties would request at the time of sentencing that the defendant be sentenced to a two to six year term on each of the counts, that the two counts by agreement of both parties to run consecutive for a controlling four to twelve year term. *Further there will be full restitution on all counts involved in the original Complaint.* The State will not pursue the habitual criminal act against the defendant." (Emphasis added.)

The court sentenced the defendant according to the plea agreement, which included restitution in the amount of $18,490.40. On appeal, the defendant contended that the order of restitution on those charges dismissed pursuant to his agreement was illegal under the provisions of K.S.A. 1992 Supp. 21-4610(4)(a). The Court of Appeals agreed and concluded: "Further, we must ob-

serve the trial court erred in ordering restitution on counts 2, 4, 5, and 6 of the original complaint. K.S.A. 1992 Supp. 21-4603(2) allows restitution as a condition of parole only if defendant has been found guilty of a crime."

The defendant argues on appeal that K.S.A. 1992 Supp. 21-4603 and 21-4610 allow for orders of restitution only for a crime of which a defendant has been convicted. The Court of Appeals concluded that "K.S.A. 1992 Supp. 21-4603(2) allows restitution as a condition of parole only if defendant has been found guilty of a crime." We agree that a court may not order restitution unless a defendant has been convicted of a crime. It does not follow, however, that a sentencing court is powerless to award restitution on charges in the original complaint that the State agrees to dismiss pursuant to a negotiated agreement. Nor does it follow that the sentence is illegal when the court orders restitution under such circumstances.

The defendant relies on recent federal authority to support his position. In *Hughey v. United States*, 495 U.S. 411, 109 L. Ed. 2d 408, 110 S. Ct. 1979 (1990), the petitioner pled guilty to using one unauthorized MBank credit card. The Victim and Witness Protection Act of 1982 (VWPA) authorizes federal courts to order "a defendant convicted of an offense" to "make restitution to any victim of such offense." 18 U.S.C. § 3579(a)(1) (1988). Pursuant to the VWPA, the district court ordered Hughey to pay $90,431 in restitution, the total of MBank's losses relating to Hughey's alleged theft and use of 21 cards from various MBank cardholders. Denying Hughey's motion to reduce and correct his sentence, the court rejected his argument that it had exceeded its authority in ordering restitution for offenses other than the offense of conviction. The United States Court of Appeals affirmed.

The Supreme Court held that VWPA restitution awards are authorized only for the loss caused by the specific conduct that is the basis of the offense of conviction. The court stated that VWPA's plain language clearly links restitution to the offense of conviction. The Supreme Court noted that the ordinary meaning of "restitution" (restoring someone to a position he or she occupied before a particular event) together with § 3579's repeated

focus on the offense of conviction suggests strongly that the restitution allowed by the VWPA is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction.

In reaching its decision, the Court noted that the VWPA authorized the sentencing court to order, "in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3579(a)(1); 495 U.S. at 412. The Court also noted:

"Other subsections of § 3579 likewise link restitution to the offense of conviction. See § 3579(b)(1) (listing damages recoverable 'in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense'); § 3579(b)(2) (listing damages recoverable 'in the case of an offense resulting in bodily injury to a victim'); § 3579 (b)(3) (listing damages recoverable 'in the case of an offense resulting in bodily injury [that] also results in the death of a victim'). As the Government concedes, . . . a straightforward reading of the provisions indicates that the referent of 'such offense' and 'an offense' is the offense of conviction." 495 U.S. at 416.

As the State notes, Hughey never agreed to make restitution on additional offenses with which he was not originally charged. Hughey originally was "indicted for three counts of theft by a United States Postal Service employee and three counts of use of unauthorized credit cards." 495 U.S. at 413. He pled guilty to one count of unauthorized use of one MBank credit card in exchange for the Government's agreement to dismiss the remaining counts. At the plea hearing, the Government proffered evidence that Hughey took and used at least 15 other credit cards issued by various financial institutions. Through counsel, Hughey specifically declined to admit to anything other than the facts supporting the one count to which he pled guilty. The Government initially sought to secure restitution for Hughey's alleged theft and unauthorized use of 30 cards from various cardholders issued by various financial institutions. Hughey objected. The Government then proposed restitution for Hughey's alleged theft and unauthorized use of 21 cards from various MBank cardholders. Hughey objected, proposing that he make restitution for losses only from the card that he pled guilty to taking and using. The court followed the Government's recommendation and ordered

Hughey to make restitution for MBank's total losses from Hughey's alleged theft and use of 21 cards from various cardholders. 495 U.S. at 413-14.

The case we now consider stands in stark contrast to *Hughey*. Unlike Hughey, Ball was charged with the offenses for which he ultimately agreed to make restitution. Unlike Hughey, Ball specifically agreed to make restitution for losses caused by those crimes in exchange for their dismissal and the State's agreement not to invoke the Habitual Criminal Act.

In response to this distinction, the defendant cites a recent United States Court of Appeals case involving a question almost identical to the one we are now considering. In *United States v. Young*, 953 F.2d 1288 (11th Cir. 1992), the defendant was charged with and pled guilty to two counts of accepting and receiving a commission or gift in connection with approval of a loan by a bank officer and agreed that his restitution would not be limited by the counts contained in the information. The restitution order encompassed losses unrelated to the offenses of which he was convicted. He appealed. The Court of Appeals held that: (1) the court could not order restitution for losses caused by crimes other than crimes to which he pled guilty, even though the plea agreement so provided, and (2) resentencing, rather than vacation of the illegal portion of the sentence, was appropriate. The basis of the court's opinion involved an interpretation of the VWPA. Citing *Hughey*, the United States Court of Appeals for the Eleventh Circuit held that the VWPA authorizes courts to order restitution only for offenses of which the defendant has been convicted. The court concluded that a court may not "authorize restitution even for like acts significantly related to the crime of conviction." 953 F.2d at 1289. When discussing the plea agreement, the Eleventh Circuit stated: "Although a bargained plea will reduce the potential recovery of victims by limiting the number and sometimes severity of the crimes admitted, '[n]othing in the statute suggests that Congress intended to exempt victims of crime from the effects of [the] bargaining process.'" 953 F.2d at 1290. The Court further noted that Congress only recently "specifically empowered courts to order restitution 'to the extent

agreed to by the parties in a plea agreement.' " 953 F.2d at 1290 (quoting 18 U.S.C. § 3663[a][3] [Supp. IV 1992]).

We have no quarrel with the federal authorities on which the defendant relies. Under federal law, before Congress amended the VWPA to permit a federal district court judge to award restitution per the agreement of the parties, the VWPA did not authorize a court to order such restitution. We, however, have statutes that are markedly different from the VWPA.

The VWPA, by its name, is designed to protect crime victims and witnesses. The clear and explicit language of the VWPA limits restitution to the offense of conviction. The VWPA is not specifically a sentencing statute but provides that when sentencing a defendant who has been convicted of particular offenses, a court may, "in addition to or in lieu of any other penalty authorized by law, [order] that the defendant make restitution *to any victim of such offense.*" 18 U.S.C. § 3579(a)(1) (emphasis added). The federal cases interpreting the VWPA are not helpful because the statutes before this court use different language and do not deal with victims and witnesses. The Kansas statutes we deal with involve authorized dispositions and conditions of probation or suspended sentences once a defendant has been found guilty of a crime. We need to look carefully at the language of the Kansas statute, not the federal act containing different language and federal cases interpreting the federal statutes.

The statutory language used in K.S.A. 1992 Supp. 21-4603 does not prohibit a court, under the circumstances of this case, from imposing restitution for offenses that have been dismissed pursuant to a plea agreement. K.S.A. 1992 Supp. 21-4603(2) provides:

"(2) Except as provided in subsection (3), whenever any person has been found guilty of a crime, the court *may* adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

"(b) impose the fine *applicable to the offense;*

"(c) release the defendant on probation *subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution . . .;*

"(d) suspend the imposition of the sentence *subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution . . .;*

"(e) assign the defendant to a community correctional service program *subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution.*" (Emphasis added.)

By its statement that "the court *may* adjudge any of the following," the legislature gave the court discretion with respect to selecting from the sentencing options listed in 21-4603(2). K.S.A. 1992 Supp. 21-4603(2)(b) limits the court in its imposition of a fine. The legislature's use of the term "the offense" in 21-4603(2)(b) makes clear that the fine must be applicable to the offense of conviction. Subsections 21-4603(2)(c), (d), and (e), however, do not limit the court to restitution for the offense of conviction, but grant the court discretion to issue orders requiring full or partial restitution. The legislature's limitation of a court's authority to impose a fine "applicable to *the* offense" indicates that the legislature understood how to limit restitution to the offense of conviction. Rather than limiting the court's authority to order restitution, the legislature chose to grant the court discretion to order full or partial restitution as the court deemed appropriate. K.S.A. 1992 Supp. 21-4603(2) does not limit the court's authority to impose restitution only for the crime for which the defendant was convicted.

K.S.A. 1992 Supp. 21-4610 bolsters our interpretation of 21-4603(2). K.S.A. 1992 Supp. 21-4610 concerns conditions of probation or suspended sentence. The very first subsection of 21-4610 makes clear that the legislature did not intend to limit the court's authority to impose conditions on probation, sentence suspension, or assignment to community corrections:

"(1) Except as required by subsection (4), nothing in this section shall be construed to limit the authority of the court to impose or modify any general or specific conditions of probation, suspension of sentence or assignment to a community correctional services program, except that the court shall condition any order granting probation, suspension of sentence or assignment to a community correctional services program on the defendant's obedience of the laws of the United States, the state of Kansas and any other jurisdiction to the laws of which the defendant may be subject."

K.S.A. 1992 Supp. 21-4610(4) does not limit the court's authority to order restitution on crimes to which a defendant did not plead, it simply *requires* the court to order restitution for the offense of conviction. Read together with 21-4610(1), 21-4610(4) does not limit the court to ordering restitution only for the offense of conviction. Rather, 21-4610(4) requires a court to order restitution for the offense of conviction in addition to any other conditions of probation:

"(4) *In addition to any other conditions* of probation, suspension of sentence or assignment to a community correctional services program, the court *shall* order the defendant to comply with each of the following conditions:

(a) Make reparation or restitution *to the aggrieved party* for the damage or loss caused *by the defendant's crime*, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

K.S.A. 1992 Supp. 21-4610(4) clearly *requires* courts to order restitution for the offense of conviction where such restitution is not unworkable. Neither 21-4610 nor 21-4603, however, limits a court's authority to ordering restitution only for the offense of conviction. Both sections vest considerable discretion in the trial court to order restitution as it deems appropriate, except that it must, pursuant to 21-4610(4), order restitution for the offense of conviction.

When, as here, a defendant has been charged with numerous offenses and has agreed to plead guilty to one or more counts and pay restitution for each of the charged offenses in exchange for the State's agreement to dismiss several charges, we hold that the sentencing court has authority to order the restitution provided in the plea agreement. We need not and do not address the legality of orders that a defendant pay restitution for crimes with which he has not been charged or crimes for which he has not agreed to pay restitution.

Because the Court of Appeals reversed the restitution order, it did not address Ball's additional claim on appeal that the trial court erred in determining the amount of restitution without conducting an evidentiary hearing. On review, Ball asked this court

to either determine the propriety of the amount or remand to the Court of Appeals for determination of that issue if this court affirmed the trial court on the State's petition for review.

A trial court has considerable discretion in determining the amount of restitution to be ordered. This court will find that a trial court has abused its discretion "when no reasonable person would take the view adopted by the trial court." *State v. Hinckley,* 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989). The defendant claims the trial court abused its discretion here because the State did not produce any evidence of a restitution amount at sentencing.

The trial court ordered restitution in the precise amount set forth in the presentence investigation (PSI) report. Although there was no hearing in this case on the amount of restitution, the issue of restitution was not contested in this case. Compare *Hinckley,* 13 Kan. App. 2d at 418. At the sentencing hearing, the court sentenced the defendant to specific terms of imprisonment and ordered restitution in the amount of $18,490.40. The only comment by defense counsel regarding the amount of restitution was the following:

"Your Honor, in regards to the restitution, I haven't had much of an opportunity to look over some of that, and I would ask 30 days for me to confer with the State and make sure."

The court replied:

"If there is a need for modification, a sentence modification motion will be appropriate. I am sure the Court will be glad to entertain that."

The record contains no written motion for modification. Nearly eight months later, at the modification hearing, defense counsel's only comment concerning the sentence was the following:

"I suppose, I mean, I think we have agreed to a certain sentence so we can't really ask for a lesser sentence and the only thing would be probation and I don't think that's a viable option at this point in time since Mr. Ball is in federal custody, also."

The defendant did not contest the amount of restitution in the trial court. Under these circumstances, it is doubtful whether the issue has been preserved for appeal. *State v. Ji,* 251 Kan. 3, 17, 832 P.2d 1176 (1992).

In any event, we conclude that under these circumstances the court did not abuse its discretion and that the amount of restitution is supported in the record on appeal. The PSI report identified the precise dollar amount, and the parties did not contest that amount. The defendant did not object to the amount in the PSI report at the sentencing hearing or at the hearing on the motion to modify sentence. Under these circumstances it was not incumbent on the prosecution to introduce evidence concerning the amount of restitution.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.