(919 P.2d 370)
No. 73,722
No. 73,723

STATE OF KANSAS, *Appellee*, v. CHARLES D. TURNER, *Appellant*.

Opinion filed June 28, 1996.

*Benjamin C. Wood*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

No appearance by appellee.

Before GERNON, P.J., MARQUARDT, J., and STEPHEN D. HILL, District Judge, assigned.

MARQUARDT, J.: Charles D. Turner appeals the district court's use of a presentence investigation report from a prior conviction when imposing sentence and the trial court's order of restitution on dismissed charges.

On January 3, 1994, Turner pled no contest to credit card fraud. The district court issued a 10-month sentence and placed Turner

on probation for 24 months. While on probation, Turner was charged with four counts of forgery. Turner pled guilty to two counts in exchange for dismissal of the remaining two.

After Turner entered his plea, the State and Turner requested that the court use the presentence investigation report which had been submitted in Turner's prior credit card fraud case. The district court asked Turner if he was waiving his right to the production of a new presentence investigation report, and Turner responded affirmatively. A new presentence investigation report would not have changed anything in Turner's criminal history.

The district court revoked Turner's probation and ordered him to serve the 10-month sentence on his prior conviction. Turner received two concurrent 15-month sentences on the felony forgery convictions. The district court ordered these sentences to run consecutive to the 10-month sentence on the credit card fraud conviction.

At the State's request, the trial court ordered restitution on all four forgery charges despite Turner's argument that such an order would be unlawful. Turner appeals.

Turner argues that the district court erred in using the presentence investigation report from the previous conviction rather than ordering that a new report be prepared. This is an issue of statutory interpretation, which is a question of law, and this court's review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 21-4714(a) provides that "[t]he court shall order the preparation of the presentence investigation report by the court services officer as soon as possible after conviction of the defendant." "The criminal history worksheet will not substitute as a presentence report." K.S.A. 21-4714(d). A court can, however, "take judicial notice in a subsequent felony proceeding of an earlier presentence report criminal history worksheet prepared for a prior sentencing of the defendant for a felony committed on or after July 1, 1993." K.S.A. 21-4714(f).

Even if these statutes, taken together, required the production of a new presentence investigation report, Turner expressly waived this right at sentencing. On appeal, Turner does not challenge the

accuracy of the sentencing court's calculations of his criminal history or his crime severity level. In *State v. Korbel*, 231 Kan. 657, 663-64, 647 P.2d 1301 (1982), the court found that the trial court erred by failing to order a presentence investigation report, as required by statute, but held that the error was harmless, under the circumstances of the case, because the report would not have affected the sentence.

Here, Turner expressly waived his right to the production of a new report. On appeal, Turner fails to state that he did suffer or might have suffered any prejudice due to the sentencing court's use of the prior report. Turner does not contend that the report inaccurately represented his criminal history or that his crime severity level was miscalculated. Thus, Turner has failed to demonstrate that any prejudice resulted from the sentencing court's use of the prior report. Turner's argument is without merit.

Turner also argues that the district court erred in ordering restitution on the dismissed charges. This is also an issue of statutory interpretation, and this court's review is unlimited. *Foulk*, 20 Kan. App. 2d 277, Syl. ¶ 1.

K.S.A. 21-4603(b) provides, in part:

"[W]henever any person has been found guilty of a crime, the court may adjudge any of the following:

"(1) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

. . . .

"(4) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution. . . .

"(5) assign the defendant to a community correctional services program subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

. . . .

"(9) impose any appropriate combination of subsections (b)(1) through (b)(8)."

In *State v. Ball*, 255 Kan. 694, 698, 877 P.2d 955 (1994), Ball pled guilty to some of the charges against him; however, in the plea agreement, Ball agreed to pay restitution on all of the charges, including those that were dismissed. The *Ball* court held that the statutory language in K.S.A. 21-4603 did not prohibit the court,

under the circumstances, from imposing restitution for offenses that had been dismissed pursuant to a plea agreement. 255 Kan. at 699.

A number of jurisdictions have construed their criminal restitution statutes as limiting restitution orders to offenses that the accused has admitted committing; where the accused has been found guilty; or where the accused has agreed to pay restitution. See *State v. Blanchard*, 270 Mont. 11, 16-17, 889 P.2d 1180 (1995).

In *State v. Wolff*, 438 N.W.2d 199, 201-02 (S.D. 1989), it was held that the trial court violated the defendant's due process right to a knowing and voluntary plea by ordering restitution on dismissed charges without informing the defendant of the possibility of such an order when accepting a guilty plea on another charge. In *People v. Chabeear*, 163 Cal. App. 3d 153, 155-56, 209 Cal. Rptr. 218 (1984), the court explained that a restitution order based solely on a dismissed criminal complaint fails to satisfy the due process requirements inherent to a proper adjudication of the lawful ownership of property.

In this case, the court had competent evidence on which to issue its order of restitution. Turner neither agreed to pay restitution on the dismissed charges nor admitted to the allegations in the dismissed charges; however, K.S.A. 21-4610(d)(1) does not limit the court's authority to order restitution on crimes to which a defendant did not plead.

Affirmed.