. (947 P.2d 458)
No. 76,274

STATE OF KANSAS, *Appellee*, v. JERRY L. LOFFER, *Appellant*.

Opinion filed November 7, 1997.

*Julie A. Gorenc*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., ROYSE, J., and J. STEPHEN NYSWONGER, District Judge, assigned.

ROYSE, J.: Jerry L. Loffer pled guilty to one count of nonsupport of a child. The district court sentenced Loffer to an indeterminate term of 1 to 2 years in prison, but granted Loffer's motion for probation. The district court ordered as a condition of probation that Loffer pay restitution in the amount of $11,652. Loffer appeals.

Loffer's first argument on appeal is that the district court abused its discretion in determining the amount of restitution, because the district court included in the restitution figure child support that became due during time periods not covered by the complaint.

The complaint alleged that Loffer failed to provide support for his two children between July 15, 1992, and February 28, 1994. Loffer does not dispute that he owed a total of $11,652 in unpaid child support, but he claims restitution should be limited to $2,238, the amount of unpaid child support which accrued during that specified period. The district court rejected Loffer's argument and included in the restitution figure unpaid child support which became due prior to July 15, 1992, and after February 28, 1994.

Resolution of this issue requires the court to interpret and apply the statutory provisions regarding restitution. Interpretation of a statute is a question of law, subject to unlimited review on appeal. *State v. Turner*, 22 Kan. App. 2d 564, 566, 919 P.2d 370 (1996).

K.S.A. 21-4603(b)(3) authorizes the sentencing court to release a convicted defendant on probation "subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution." K.S.A. 21-4610(d) provides in part:

"In addition to other conditions of probation, . . . the court shall order the defendant to . . .

(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

These statutory provisions for restitution were examined by the Supreme Court in *State v. Ball*, 255 Kan. 694, 877 P.2d 955 (1994). In *Ball*, the defendant had been charged with three counts of burglary and three counts of felony theft. Pursuant to a plea agreement, the defendant pled guilty to two counts of burglary and the State dismissed the other charges. The plea agreement further provided that there would be full restitution on all counts included in the original complaint. In accord with the plea agreement, the district court ordered restitution in the amount of $18,490.40.

Ball argued on appeal that the restitution order was contrary to the statutes. Based on its examination of the statutory language, the Supreme Court disagreed. The court contrasted the restitution statutes with K.S.A. 1992 Supp. 21-4603(2)(b), which provided that a court may impose a fine "applicable to the offense." The court observed that the legislature has not included such a limiting

phrase in the restitution statutes: "Neither 21-4610 nor 21-4603 . . . limits a court's authority to ordering restitution only for the offense of conviction. Both sections vest considerable discretion in the trial court to order restitution as it deems appropriate, except that it must, pursuant to 21-4610(4), order restitution for the offense of conviction." *Ball*, 255 Kan. at 701.

Loffer argues that *Ball* applies only where the defendant has agreed to pay restitution for the dismissed charges. This argument was rejected in *Turner*. In that case, the defendant was initially charged with four counts of forgery. He pled guilty to two counts of forgery in exchange for the State's dismissal of the remaining two counts. The district court entered a restitution order based on all four counts of forgery, and Turner appealed. This court affirmed the district court decision, concluding that K.S.A. 21-4610(d)(1) does not preclude the sentencing court from ordering restitution on crimes to which a defendant did not plead. *Turner,* 22 Kan. App. 2d at 567.

Loffer argues that the district court's order in this case improperly required him to pay restitution in connection with crimes for which he was never charged. He contends that he was charged with the crime of nonsupport between July 15, 1992, and February 28, 1994, but was not ever charged with criminal nonsupport for other periods of time. This argument is not persuasive.

While *Ball* left open the question whether a court's restitution order can include restitution for crimes never charged, there appears to be no reason for the limitation urged by Loffer. As the Supreme Court noted in *Ball*, both 21-4603 and 21-4610 vest considerable discretion in the trial court to order restitution as it deems appropriate. *Ball,* 255 Kan. at 701. Practically speaking, as far as restitution is concerned there is little difference between crimes charged and later dismissed, and crimes which are never charged at all. In neither case has the State met its burden of proving guilt beyond a reasonable doubt.

In addition, the restitution order entered in this case is consistent with K.S.A. 21-4610(c)(8) and K.S.A. 21-4611. K.S.A. 21-4610(c)(8) authorizes a sentencing court to order, as a condition of probation, that a defendant support his dependents. It is notewor-

thy that 21-4610(c)(8) applies in any criminal case, whether or not the defendant was charged with nonsupport. K.S.A. 21-4611 authorizes a sentencing court to require that a defendant convicted of nonsupport of a child remain on probation for as long as the responsibility for support continues. Thus, the sentencing court may require the payment of child support which becomes due long after the dates contained in the complaint. These statutes cannot be squared with Loffer's contention that a sentencing court may order restitution only for child support that accrued during the period alleged in the complaint.

For all these reasons, we conclude that the district court did not err in ordering restitution of $11,652. In a case where the defendant is convicted of criminal nonsupport, 21-4603 and 21-4610(d) do not prohibit a sentencing court from requiring, as a condition of probation, that the defendant pay child support which became due outside the time period alleged in the complaint.

Loffer's second argument on appeal is that the district court erred by failing to sentence him under the Kansas Sentencing Guidelines Act. Loffer did not raise this argument in the district court. Nevertheless, Loffer's argument amounts to a claim that his sentence was illegal, and an illegal sentence may be corrected at any time. K.S.A. 22-3504(1). Whether the sentencing guidelines apply to a particular offense raises a question of law over which this court has unlimited review. See *State v. Roderick*, 259 Kan. 107, 110, 911 P.2d 159 (1996).

Loffer argues that the KSGA should apply to his case because his alleged criminal conduct continued after July 1, 1993. This argument is without merit. K.S.A. 21-4723 provides:

"Except as provided in K.S.A. 21-4724, the provisions of this act creating a presumptive sentencing guidelines system have no application to crimes committed prior to July 1, 1993. A crime is committed prior to July 1, 1993, if any of the essential elements of the crime as then defined occurred before July 1, 1993. Except as provided in K.S.A. 21-4724, prosecutions for prior crimes shall be governed, prosecuted and punished under the laws existing at the time such crimes were committed."

Loffer acknowledges that some elements of his crime occurred prior to July 1, 1993. Thus, in accord with 21-4723, the district court did not err in imposing a pre-guidelines, indeterminate sentence.

Affirmed.