(49 P.3d 19)

No. 86,352

STATE OF KANSAS, *Appellee*, v. KEONTIS HALL, *Appellant*.

Opinion filed March 29, 2002.

*Libby K. Snider,* assistant appellate defender, and *Randall L. Hodgkinson,* deputy appellate defender, for appellant.

*Don L. Scott,* county attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before PIERRON, P.J., JOHNSON, J., and BUCHELE, S.J.

JOHNSON J.: Keontis Hall appeals his sentencing on two counts of aiding a felon. Specifically, Hall asserts the district court illegally imposed a probation term of 60 months and erroneously ordered him to pay restitution. We reverse and remand.

Hall drove a vehicle from which two passengers shot at another vehicle, resulting in one person's death and two others being injured. One of Hall's passengers had been involved in an altercation earlier in the day, and Hall claimed he believed he was transporting his friends to a fist fight. Hall denied any knowledge that the passengers possessed firearms. However, in the aftermath of the shooting, Hall agreed to deny all knowledge of the incident and to assist the shooters in formulating an alibi.

The State initially charged Hall with one count of first-degree murder and two counts of attempted first-degree murder. However, Hall pled guilty to an amended complaint charging two counts of aiding a felon, a severity level 8 nonperson felony, in violation of K.S.A. 21-3812(a). The district court imposed a sen-

tence of 60 months' probation, with two consecutive underlying prison terms of 9 months. Additionally, Hall was ordered to pay $106,808.50 in restitution for the shooting victims' funeral and medical expenses and property damage.

Initially, we address the State's suggestion at oral argument that the appeal may be moot because Hall's probation was revoked 10 months after sentencing, and he was transferred to the custody of the Department of Corrections to serve his underlying sentences. The parties were directed to provide additional information and authority on the mootness issue. The State's submission was insufficient to persuade us that the dismissal of this appeal will have no impact on Hall. We were not advised whether Hall has appealed his probation revocation. If the revocation is overturned, the length of Hall's probation will be relevant. Further, the State has not addressed how the revocation affects the enforcement of the restitution judgment by the victims. See K.S.A. 22-3424(d) and K.S.A. 60-4301 *et seq*. Therefore, we will proceed to consider the appeal on its merits. "

### *LENGTH OF PROBATION*

Hall first argues the district court's imposition of 60 months' probation did not conform to the statutory provisions of K.S.A. 2001 Supp. 21-4611 and is, therefore, illegal. See *State v. Duke*, 263 Kan. 193, 193-94, 946 P.2d 1375 (1997). K.S.A. 22-3504 grants this court authority to correct an illegal sentence. We have unlimited review on a question of statutory interpretation. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

Hall's presumptive sentence was a maximum of 18 months' probation. See K.S.A. 2001 Supp. 21-4611(c)(4). The district court may extend probation under K.S.A. 2001 Supp. 21-4611(c)(5), which provides:

"If the court finds and sets forth with particularity the reasons for finding that the safety of the members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of the probation terms provided in subsections (c)(3) and (c)(4), the court may impose a longer period of probation. Such an increase shall not be considered a departure and shall not be subject to appeal."

The maximum authorized probation term is 60 months or the maximum possible prison term, whichever is longer. K.S.A. 2001 Supp. 21-4611(c)(6).

The trial court explained that the extended probation was necessary because of the amount of restitution ordered. Hall complains of the district court's failure to make the requisite findings that Hall was a danger to society or that his welfare would not be served by the shorter probationary period. Hall contends that the failure to set forth with particularity the public safety or inmate welfare reasons renders the longer than standard probation term an illegal sentence. A panel of this court recently found that the extension of probation without the requisite findings of K.S.A. 2000 Supp. 21-4611(c)(5) is an abuse of discretion, resulting in an illegal sentence. *State v. Jones*, 30 Kan. App. 2d 210, Syl. ¶ 6, 41 P.3d 293 (2002) (ordered published by the Kansas Supreme Court on February 8, 2002).

However, as Hall acknowledges, K.S.A. 2001 Supp. 21-4611(c)(7) specifically addresses a probationary period where restitution has been ordered. The statute provides, in relevant part: "If the defendant is ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid." At oral argument, Hall contended that provision does not permit an initial probationary period longer than 18 months, but rather it simply permits the district court to extend probation if restitution is not paid during the initial term of probation. However, because of our determination on the restitution issue, we need not address whether 21-4611(c)(7) permitted the district court to initially order 60 months' probation.

We reverse the district court's imposition of 60 months' probation and remand for the imposition of a probationary period of up to 18 months in length, to be effective in the event Hall successfully challenges the revocation of his probation.

### RESTITUTION

Hall argues that the district court erred in ordering him to pay restitution. We review a district court's restitution order for an abuse of discretion. *State v. Beechum*, 251 Kan. 194, 203, 833 P.2d

988 (1992). Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *State v. Williams*, 268 Kan. 1, 8, 988 P.2d 722 (1999).

K.S.A. 2001 Supp. 21-4610(d)(1) authorizes the district court to order the defendant to make restitution to an aggrieved party for the damage or loss caused by defendant's crime. Hall does not challenge the amount of the ordered restitution, albeit one might question the efficacy of ordering restitution which would require payment of approximately $1,780 per month over the maximum term of probation. Hall contends the victims' damages were inflicted by the shooting, the shooting was completed by the time Hall aided the shooters in establishing an alibi, and there was no causal connection between Hall's crime of aiding a felon and the victims' previously incurred losses.

The State counters that Hall was originally charged with aiding and abetting the shooters, a fact known to the sentencing court, and that Hall's crimes cannot be severed from the underlying felonies. Further, the State, citing *State v. Turner*, 22 Kan. App. 2d 564, 919 P.2d 370 (1996), contends that the statute does not preclude the district court from ordering restitution on crimes to which the defendant did not plead.

In *State v. Ball*, 255 Kan. 694, 701, 877 P.2d 955 (1994), the Kansas Supreme Court determined that the restitution statute did not limit the district court's authority to order restitution on charges dismissed as part of a plea agreement. However, in that case, the defendant had agreed to pay restitution on all of the originally charged crimes in return for the dismissal of some of the counts. In *Turner*, the defendant was charged with four counts of forgery, two of which were dismissed in exchange for a guilty plea. Turner had not agreed to pay restitution on the dismissed counts. *Turner* extended the *Ball* holding to grant the district court authority to order restitution on dismissed counts even though the defendant had not admitted the allegations of the dismissed counts or agreed to pay restitution on them. 22 Kan. App. 2d at 566-67.

The *Ball* holding is necessary for the orderly administration of criminal justice consistent with the protection of the victims of crime. Our courts could not handle the criminal caseload without

plea arrangements which typically involve the dismissal of charges. Prosecutors can avoid the problem of selecting which victims will receive restitution by extracting an agreement that the defendant pay all of the crime spree victims. However, extending the district court's authority to order disputed restitution on charges which are not admitted creates the potential for unfairness. If a complaint contains crimes which the defendant did not commit, he or she would be in the untenable position of choosing whether to go to trial on all of the charges or to plead guilty to the crimes actually committed, but pay the victims of another person's crimes.

Nevertheless, Hall's situation is factually distinguishable from both *Ball* and *Turner*, which involved multiple counts of direct criminal activity. Hall's plea arrangement contained no agreement for restitution, and he adamantly opposed the restitution order in the district court. The offense of conviction, aiding a felon, is sufficiently distinct both in nature and in temporal proximity from the acts actually causing the damages, the shooting, to call into question the propriety of the restitution award. A nexus must exist between the crime of conviction and the conduct for which restitution was imposed. *Cf. State v. Hymer*, 271 Kan. 716, 724, 26 P.3d 63 (2001) (vacating restitution order where the payment had been originally ordered in a prior unrelated case). Hall's criminal activity, while arguably part of the chain of events, occurred well after the shooting. Hall's assisting the shooters with their false alibis did not cause the victims' damages. The State chose to abandon its efforts to tie Hall to the shooting, perhaps because the evidence was insufficient to do so. Extending *Ball* to cover the facts of this case would effectively nullify the causation requirement of K.S.A. 2001 Supp. 21-4610(d)(1).

We reverse and remand the imposition of 60 months' probation and vacate the district court's order of restitution.