NOT DESIGNATED FOR PUBLICATION

No. 116,387

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS ANDREW SRADER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed January 26, 2018. Vacated.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

PER CURIAM:  Nicholas Andrew Srader appeals the provision of the sentencing order requiring payment of restitution to Mackenzie Schulte and Xerox Recovery Services. On appeal, he claims the district court erred in ordering restitution because his crime of conviction was not causally connected to the restitution order. We agree and direct that the restitution order be vacated.

1

*Facts*

On December 31, 2014, Schulte was driving on Interstate 435 in Johnson County, Kansas when she was sideswiped by a vehicle. In the resulting rollover, she was ejected, lost consciousness, and suffered a laceration to her forehead, a concussion, and an abrasion on her back. The offending vehicle left the scene of the accident without offering any assistance or reporting the accident.

The following investigation revealed that Srader was driving the car that struck Schulte's vehicle. It also showed that he had attempted to hide his car and offered altered documents regarding the sale and ownership of his car to further cover up his involvement in the incident.

Srader was charged with three counts in the State's amended complaint: 1) leaving the scene of an accident; 2) making a false information; and 3) aggravated battery. A plea agreement was reached pursuant to which Srader pled guilty to the first two counts, and the State dismissed the aggravated battery charge and withdrew its motion for an upward durational departure. Restitution was not discussed during the plea hearing, nor included in the written plea agreement.

Srader was sentenced to a controlling prison sentence of 19 months. At sentencing, he objected to the entry of a restitution order, arguing there was not a sufficient causal connection between the crime of conviction—leaving the scene of the accident—and Schulte's expenses due to her injuries. The district court found there was a sufficient causal connection and ordered the restitution payments to Schulte and Xerox Recovery Services, the subrogation collection service for her health care insurer. The district court stayed the order for restitution and Srader timely filed his notice of appeal.

*Standard of review*

The issue presented is whether the trial court erred in its finding of causation between the crime committed and Schulte's loss. Issues of this nature are reviewed for substantial competent evidence. *State v. Alcala*, 301 Kan. 832, 836, 348 P.3d 570 (2015). Substantial competent evidence is such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion. *State v. Jolly*, 301 Kan. 313, 325, 342 P.3d 935 (2015). To the extent that resolution of the issue on appeal requires statutory interpretation, our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

*Statutory authority for restitution*

Restitution is permitted under the provisions of K.S.A. 2016 Supp. 21-6604(b)(1), which states:

> "In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss *caused by the defendant's crime*, unless the court finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

*Arguments and authorities*

The outcome of this appeal hinges on the statutory requirement that "damage or loss [be] caused by the defendant's crime." K.S.A. 2016 Supp. 21-6604(b)(1). Srader argues there is no causal connection between the crime of conviction—leaving the scene of an accident—and Schulte's damages from the accident. The State argues restitution is proper because Schulte's damages were a result of Srader's actions.

A defendant may be ordered to pay restitution when he or she has agreed to do so as part of a plea agreement, even if the crime of conviction is not causally related to the damage or loss. See *State v. Dexter*, 276 Kan. 909, 919, 80 P.3d 1125 (2003). There is no basis to do so in this appeal because there was no such agreement. The only remaining basis is whether the statutory requirement that the loss was caused by the crime of conviction has been met. In *Dexter*, our Supreme Court opined that "requirement that the loss be caused by, not merely connected to, the crime of conviction" is an "essential, statutorily mandated requirement." *Dexter*, 276 Kan. at 918. However, the Supreme Court has subsequently determined that this requirement of a causal connection may be satisfied if the loss was either directly or indirectly caused by the crime. See *State v. Hall*, 298 Kan. 978, 990, 319 P.3d 506 (2014).

Not surprisingly, panels of this court have reached conflicting outcomes in cases with facts similar or analogous to Srader's case.

In *State v. Hall*, 30 Kan. App. 2d 746, 49 P.3d 19 (2002), Hall was accompanied by two passengers in his car and claimed that he did not know that either passenger had a gun. While in the car, the passengers shot and killed a person and injured two others. After the shooting, Hall agreed to deny any knowledge of the incident and helped the shooters come up with an alibi. He was charged with first-degree murder, but pursuant to a plea agreement, he pled guilty to two counts of aiding a felon. The district court ordered Hall to pay restitution for the victims' funerals, medical expenses, and other damages, but this court vacated the restitution order because Hall's crime of conviction—aiding a felon—occurred after and was sufficiently distinct from the act that caused the damages—the shooting. 30 Kan. App. 2d at 750.

A restitution order was also vacated in *State v. Chandler*, No. 107,111, 2013 WL 1234223, at *2 (Kan. App. 2013) (unpublished opinion). In *Chandler*, a valuable Lincoln penny in a file cabinet full of collectible coins was stolen, but Chandler was charged with

4

the theft of the collectible penny and criminal damage to property for damage to a file cabinet. He was not charged with the theft of the coin collection missing from the file cabinet. The district court ordered restitution for the coin collection, but this court vacated the restitution order because Chandler was not charged with stealing the coin collection.

A similar outcome occurred in *State v. Miller*, 51 Kan. App. 2d 869, 873-74, 355 P.3d 716 (2015). In *Miller*, the defendant pled guilty to burglary and theft of a machete and baby powder. But the State, at the restitution hearing, used evidence of damage caused by the removal of copper piping and wiring from the home. The trial court ordered restitution including the amount of damages from the copper removal. This court vacated the restitution order because the plumbing and electrical damage were not a direct result of the crimes for which Miller was actually convicted.

Most notably, in *In re M.M.-S.*, No. 113,289, 2015 WL 6835337 (Kan. App. 2015) (unpublished opinion), after an accident with another vehicle, M.M.S. pled guilty to driving with no license and failure to stop and remain at the scene of an accident. He was ordered to pay restitution for the damages to the other vehicle involved in the collision. On appeal, this court reversed the restitution order, particularly noting that leaving the scene of the accident after it had already occurred in no way contributed to any property damage caused by the driver. 2015 WL 6835337, at *2.

Contrasting the holdings of this court in *Hall*, *Chandler*, *Miller*, and *M.M.-S.*, is *State v. Futrell*, 53 Kan. App. 2d 272, 387 P.3d 176 (2016), *rev. granted* October 26, 2017. In *Futrell*, the defendant entered a no-contest plea to burglary and a theft charge was dismissed. At sentencing, he was ordered to pay restitution for the cash taken from the residence and this court held that it was proper for the stolen cash to be included in the restitution order because "Futrell's burglary was, analogously, at the very least an indirect cause of [the victim]'s loss of the $600 taken from his house." 53 Kan. App. 2d at

5

279; see *State v. Mosby*, No. 115,598, 2017 WL 2610765, at \*10 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 14, 2017.

Of significance to the outcome of these two cases is the fact that the theft losses would not have occurred but for the burglary of the residence or vehicle. In other words, this court has concluded that when the crime of conviction preceded the crime causing the direct loss, an indirect cause was demonstrated.

The factual similarity between *M.M.-S.* and Srader's case is striking in its contrast to the facts of *Futrell* and *Mosby*. In both *M.M.-S.* and Srader's case, the appellants were convicted of leaving the scene of an accident but neither was convicted of any crime demonstrating a cause of the accident. In plain terms then, the crimes of conviction were for events subsequent to the crime causing the loss. Both the district court and the State attempt to distinguish *M.M.-S.* by noting that Srader was at one time charged with aggravated battery. However, that charge was dismissed as part of the plea agreement and no agreement to pay restitution was obtained by the State or included in the plea agreement. This is particularly notable because despite the eyewitness testimony of the accident and the testimony of Srader's roommate that supported the State's claim that Srader caused the accident, the State chose not to pursue a conviction of the charge that implicated Srader to be at fault in the accident. Like *Hall*, 30 Kan. App. 2d at 750, the State abandoned its efforts to establish a causal link necessary to support a restitution order.

Despite its failure to pursue conviction of a crime which would clearly have had a causal connection to Schulte's damages, the State pursues the additional argument that circumstantial evidence indicating that Srader caused the accident is sufficient to support a restitution order. In support of its position, the State relies on *State v. Goeller*, 276 Kan. 578, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In *Goeller*, the defendant fell asleep while driving, crossed into

6

another lane, and collided head-on with the other vehicle. He was charged with one count of driving under the influence (DUI) and one count of driving left of center. The driving left of center charge was dropped as part of the plea agreement and Goeller pled no contest to DUI. The district court ordered Goeller to pay restitution for the damages from the accident. Goeller, on appeal, argued that restitution was not properly ordered because the damages were caused by the dismissed charge of driving left of center, not the DUI charge to which he pled no contest. The *Goeller* court disagreed, finding that "[a]lthough Goeller's DUI no contest plea may not have been synonymous with an admission that Goeller was driving recklessly at the time of the accident, the evidence underlying the DUI plea provided circumstantial proof of the causal connection needed to satisfy the restitution statute." 276 Kan. at 582-83.

The facts in Srader's case are again distinguishable from those of *Goeller*. In *Goeller*, the conviction of DUI implied that Goeller could not safely operate a motor vehicle. See K.S.A. 8-1567(a). Srader's crime does not require him to be at fault or indicate he drove in any unsafe or illegal manner. See K.S.A. 2016 Supp. 8-1602. Thus, unlike *Goeller*, there is no causal connection, direct or indirect, between the crime of conviction and the damages sustained by the victim.

*Hall*, 298 Kan. 978, is also cited by the State in support of its position. In *Hall*, a maintenance worker at an apartment complex was ordered to pay restitution after he pled guilty to attempted rape, attempted second-degree murder, and aiding a felon. The victim of the attempted rape lived in the complex where Hall worked, which was where the crime occurred, and the restitution order included the victim's moving expenses. On appeal, Hall argued that those moving costs should not have been included in his restitution order because his crime did not directly cause the relocation expenses. Our Kansas Supreme Court disagreed, stating that the costs of relocation were caused by Hall's crimes and that the restitution order properly included those costs. *Hall* clearly stands for the proposition that there is no requirement in the restitution statute that the

7

damage or loss be directly caused by the defendant's crime for there to be substantial competent evidence supporting the causation conclusion by the trial court. 298 Kan. at 990.

While *Hall* would appear to support the State's claim, the facts are again sufficiently distinguishable from the present appeal to lend no support to the conclusion that Srader's restitution order should be affirmed. Simply put, in *Hall*, had the rape not occurred, the victim would not have had to move and incur the moving expenses. In contrast, if Srader's crime—leaving the scene—had not happened, Schulte would still have incurred costs from the preceding accident.

In resolving this appeal, precedent of the Kansas Supreme Court cannot be ignored. In *Dexter*, 276 Kan. at 918, our Supreme Court has cautioned against focusing on "an overly broad interpretation of 'nexus' and ignor[ing] the essential, statutorily mandated requirement that the loss be caused by, not merely connected to, the crime of conviction." Since Srader's act of leaving the scene occurred subsequent to the events giving rise to Schulte's damages, ordering restitution would ignore the proscription against a broad interpretation of the nexus between the crime of conviction and the loss sustained. There being no evidence that the crime of leaving the scene caused, either directly or indirectly, Schulte's damage, it is evident that no substantial competent evidence exists to support the restitution order.

The restitution order of the district court is vacated.