## 26292. CRAIG et al. v. ARNOLD et al.

ALMAND, Chief Justice. This appeal is from a decree in a land registration of title proceeding.

Tom G. Arnold, Jr., and Mrs. Tom G. Arnold, Sr., filed their application in Gwinnett Superior Court under the Land Registration Act (*Code Ann. Title* 60) seeking to register title to a described tract of land in Land Lot 83 of the 5th Land District of Gwinnett County, containing 70.69 acres. The applicants claimed title by prescription. The complaint recited that the described tract of land was sold in 1942 at public sale by the sheriff to satisfy taxes and bought in by T. G. Arnold, who died intestate and petitioners are his sole heirs at law. They also claimed title by chain of title from the original source.

On presentation of the petition, the judge of the superior court appointed an examiner and referred the application to him.

Gladston M. Craig, as the executor of the estate of Robert Craig, and ten other individuals as heirs at law of Robert Craig, filed their answers and cross action in which they denied the allegation of the applicants that they had title by prescription or by chain of title from the original source, and prayed that title not be registered in the applicants, but in the claimants and heirs of Robert Craig.

After a hearing, the examiner filed his report. He found title to be vested in the applicants. The appellants filed a motion to refer and re-commit the report to the examiner, which was denied. They also filed exceptions to the general findings, of fact and of law.

The court, in its decree, found that there were no material issues of fact or of law and decreed fee simple title to the tract of land to be registered in the name of the applicants.

In his findings, the examiner did not find that the applicants had prescriptive title by reason of their being in possession under the tax deed of 1942, but by virtue of provisions of the Act of 1949 (Ga. L. 1949, p. 1132; *Code Ann.* § 92-8315) which reads as follows: "Any tax deed regularly executed at a valid and legal sale held by the State or any subdivision thereof, including counties and municipalities, when the defendant in fi. fa. is sui juris, shall after the expiration of seven years from the date of said tax deed convey fee simple title and title to the property described in said tax deed shall vest absolutely in the grantee therein or his heirs or assigns."

The examiner did not make any finding as to the value of the

tract at the time it was sold for taxes in 1942, though there was evidence in the record of its value at that time, nor did he make any finding on the contention of the appellants that the levy and sale was void because of its being excessive.

It appears from the record that the Sheriff of Gwinnett County levied a tax execution on the subject tract of 70.5 acres on August 3, 1942, against the heirs of Robert Craig, deceased, and Mrs. J. C. Cooper for State and county taxes for the year 1935 in the sum of $14.57. That pursuant to the levy, the tract was sold at public sale and bid in by T. G. Arnold for the sum of $600 and a deed to said tract was executed by the sheriff to the said Arnold.

In their motion to re-commit the report and record to the examiner, the appellants alleged: ". . . for further information and report to make a finding as to the actual market value of the property as of the date of the levy and of the tax deed, which was August 4, 1942, and the date of the deed was September 1, 1942; and for the purpose of attaching to the record a copy of the plat of said property which was, and is, duly recorded in Plat Book B, page 56, Gwinnett County Deed Records, and for a finding of fact as to whether or not the levy as set forth in the final report and the tax deed was a valid levy and sale of said property.

"This defendant shows that the only testimony as to the value of this property in August and September of 1942, was provided by the witness Richard Craig, who testified on page 51 through 54 of the record, that the value at that time was $2,500. There was no other evidence presented to the examiner as to the value of this property. The examiner cannot totally disregard such testimony where the same is undisputed and no other evidence was presented.

"This property was returned for taxes at the time of said tax sale as shown by the allied papers, to said tax deed and on the fi. fa. as being returned for $620. The testimony of Richard Craig, set forth in the record on page 54 as being worth $2,500 clearly gives to the examiner evidence to determine the value of the property and such a value would not be less than $620 nor more than $2,500 at the time of levy and sale.

"This tax deed and levy and accompanying papers show that the property was levied upon for a fi. fa. for the year 1935, Tax

Bill No. 9702, for a total tax of $15.57, and $7.03 interest and $1.00 cost, making a total bill of $22.60. Such a levy upon all 70 acres was clearly excessive and null and void and all subsequent acts in selling said property and executing such a tax deed were null and void. Especially is this true where the property was subject to being subdivided and only that portion which would be required to satisfy that fi. fa. could have been levied upon by the levying officer."

The Act of 1949 (*Code Ann.* § 92-8315) upon which the examiner relies, provides that the tax deed must be one executed "at a valid and legal sale." The contention of the appellants is that the levy and sale was void.

If the levy of the tax execution was excessive, the sale held under the levy was void. *Brinson v. Lassiter,* 81 Ga. 40 (6 SE 468); *Richards v. Edwardy,* 138 Ga. 690 (76 SE 64); *Marietta Realty &c. Co. v. Reynolds,* 189 Ga. 147 (1) (5 SE2d 347).

There was merit in the appellants' motion to re-commit the record to the examiner and it was error to deny the motion. All subsequent orders were nugatory.

*Judgment reversed. All the Justices concur.*
ARGUED FEBRUARY 9, 1971—DECIDED MARCH 4, 1971.

*Bryant Huff,* for appellants.
*William G. Tanner,* for appellees.