53019. GEIGER v. THE STATE.

McMURRAY, Judge.

On November 3, 1975, defendant pled guilty to the felony offense of child abandonment. Defendant's

sentence was probated on several conditions, one of which was that defendant pay the amount of past-due child support then outstanding. Although defendant complied with all other conditions of his probation, he did not comply with this requirement and has failed to make proper payment of child support in arrears.

Defendant's probation supervisor petitioned for the revocation of defendant's probation, and after a hearing the court ordered the revocation of defendant's probation. Defendant appeals from that order, contending that the court lacked the authority to impose the payment of child support arrears as a condition of probation and that the revocation of defendant's probation was in fact imprisonment for debt in violation of the Constitution of Georgia of 1945 (Art. 1, Sec. 1, Par. 21; Code Ann. § 2-121). *Held:*

1. The Court of Appeals and not the Supreme Court has jurisdiction of cases involving a mere application, in a general sense, of unquestioned and unambiguous provisions of the Constitution of Georgia. *Giles v. State,* 212 Ga. 465 (93 SE2d 739) and cits.

2. The defendant has been offered the opportunity to relieve himself from the imposition of the penalty of imprisonment. This punishment is imposed due to defendant's conviction for the felony of abandonment. "Probation is granted as a privilege, and not as a matter of right; and the revocation of the probation is punishment for the crime for which the defendant was convicted in the first instance." *Johnson v. State,* 214 Ga. 818, 819 (108 SE2d 313). See also *Scott v. State,* 131 Ga. App. 504 (206 SE2d 137).

Here, the defendant has been convicted and faces imprisonment. He cannot insist on terms or strike a bargain, as the probation comes as an act of grace (*Scott v. State,* supra), and the court may impose any reasonable terms. *State v. Collett,* 232 Ga. 668, 670 (208 SE2d 472). Defendant's imprisonment is his punishment for the crime of abandonment, therefore, these facts disclose no imprisonment for debt as prohibited by the Constitution. *Davis v. State,* 53 Ga. App. 325 (2) (185 SE 400).

3. Defendant also contends that the court was not authorized by Code Ann. § 74-9902 (Ga. L. 1965, p. 197, as

amended) to impose payment of the child support arrears as a condition of probation. The court's authorization to impose this condition of probation arises not from Code Ann. § 74-9902, but from Code Ann. § 27-2711 (Ga. L. 1958, pp. 15, 23, as amended), which has been construed to be permissive rather than exclusive (*Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223)), allowing any reasonable condition of probation to be imposed. *State v. Collett,* 232 Ga. 668, 670, supra.

There has been no attempt to show, and it does not appear, that the imposition of payment of the child support arrears as a condition of probation was unreasonable or unrelated to the rehabilitative scheme within the meaning of *State v. Collett,* supra. The court having acted within the authority provided by Code Ann. § 27-2711, supra, there was no abuse of discretion in imposing this condition of probation.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted November 3, 1976 — Decided November 19, 1976 — Rehearing denied December 15, 1976.

*George E. Argo,* for appellant.
*Dewey Hayes, District Attorney,* for appellee.