## 66260. LaPANN v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted on a number of counts: theft by taking, forgery in the first degree, and theft by conversion. He appeals

following the denial of his motion for new trial, as amended. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in allowing a state's witness to testify in violation of the rule of sequestration. A violation of the sequestration rule does not affect the admissibility of the testimony of the witness. See *Jordan v. State,* 247 Ga. 328, 347, 348 (276 SE2d 224); *Cobb v. State,* 244 Ga. 344, 357 (28) (260 SE2d 60); *Watts v. State,* 239 Ga. 725, 729-731 (238 SE2d 894).

Defendant argues that the trial court erred in its instruction to the jury by failing to specifically charge the jury that the witness' violation of the rule of sequestration should be considered in judging the credibility of that witness' testimony. See *Blanchard v. State,* 247 Ga. 415, 416-417 (1) (276 SE2d 593). He also argues that the trial court abused its discretion in that the state had another witness available, and the court should have required that the testimony of the other available witness be given and should have disqualified this witness who had heard the prior testimony in violation of the rule of sequestration. However, we find there were no objections and motions for mistrial made by counsel with reference to this witness despite the court's reminder to counsel for the defendant that he could object to this witness' testimony. Further, defendant's counsel made no request for instructions in addition to those given by the court when the witnesses testified. This amounted to a waiver of any error here complained of and presents nothing for this court to review. *Reid v. State,* 129 Ga. App. 660, 663 (200 SE2d 456); *Shields v. State,* 147 Ga. App. 131 (248 SE2d 205); *Urban v. State,* 152 Ga. App. 110, 111 (2) (262 SE2d 259); *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855). There is no merit in this complaint.

2. Defendant next complains that the court erred in not requiring that the state disclose to the defendant the granting of immunity to a witness in exchange for his testimony. The jury was informed in an opening statement by the state that a state's witness had been granted immunity. Defendant contends however that since a Brady motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) had been filed seeking such information the disclosure at trial came too late. The grant of immunity was never withheld from either the defendant or the jury. The defendant has not carried the burden of showing that evidence withheld from him so impaired his defense that he was denied a fair trial as in Brady v. Maryland, 373 U. S. 83, supra. See *Potts v. State,* 241 Ga. 67, 74 (243 SE2d 510); *Lundy v. State,* 139 Ga. App. 536, 539 (228 SE2d 717). No motion was made by the defense that it needed additional time for investigation with reference to the so-called granting of immunity, and we find no violation of Brady v. Maryland, 373 U. S. 83, supra. We find no

reversible error in this complaint.

3. Defendant next contends the trial court erred in admitting certain death certificates in that there was no evidence in the case connecting the individuals' names in these death certificates to the individuals who were listed as property owners hence this evidence was extremely prejudicial, incompetent and irrelevant. The state argues that the death certificates were relevant, as these persons (deceased), who had been dead a number of years prior to the issuance of the checks and whose names were the same or similar to the names on the checks, could not have requested, received or endorsed the issued checks which were cashed. Questions of relevancy and admissibility of evidence rest largely within the sole discretion of the trial court. *Baker v. State,* 246 Ga. 317, 319 (271 SE2d 360), *Church's Fried Chicken v. Lewis,* 150 Ga. App. 154, 160 (256 SE2d 916). Thus, if an item of evidence has a mere tendency to establish a fact this is sufficient to make it relevant and admissible. *Patterson v. State,* 233 Ga. 724, 725 (1) (213 SE2d 612); *Alexander v. State,* 239 Ga. 108, 110 (1) (236 SE2d 83). The death certificates were relevant in showing that these three named individuals could not have requested, received or endorsed the checks for overage payments issued by the defendant even though there was no direct testimony that the individuals named in the death certificates were actually one and the same with the persons named in the checks, this being mere circumstantial evidence that they were or could have been, which question was for jury determination.

4. The trial court properly denied defendant's motion for directed verdict of acquittal as to the theft by taking counts in light of the evidence adduced at trial. The evidence simply does not demand a verdict of acquittal. OCGA § 17-9-1 (formerly Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461)). Defense counsel argues with reference to the procedures as to in rem or in personam sales of the property and as to the validity of the sales. But one who steals or who is charged with theft will not be permitted to raise delicate questions as to the title of that which is stolen. *Garrett v. State,* 147 Ga. App. 666 (1) (250 SE2d 1); *Pittman v. State,* 149 Ga. App. 729 (7) (256 SE2d 67); *Jones v. State,* 156 Ga. App. 646 (276 SE2d 50). The overly technical application of the fatal variance rule has been modified in Georgia in *DePalma v. State,* 225 Ga. 465, 469 (169 SE2d 801), hence we find no fatal variance between the indictment and proof. See *Ingram v. State,* 137 Ga. App. 412, 415 (3) (224 SE2d 527). Compare *Tyson v. State,* 145 Ga. App. 21, 22 (243 SE2d 314). This specification of error is not meritorious.

5. The trial court granted a directed verdict as to certain counts

of theft by conversion as to in personam sales but not as to the count involving proceeds obtained through an in rem sale. Again, counsel for the defense argues that the sale having been declared null and void, and the only people who had a right to those proceeds were those who redeemed it, there was no breach of contractual relation to hold these funds, hence, theft by conversion could not have occurred, citing *Craig v. Arnold,* 227 Ga. 333, 336 (180 SE2d 733). However, that case refers to the voiding of such acts in selling property and executing tax deeds after an excessive levy. Again, the person charged with the crime of theft by conversion as to certain funds cannot raise nice and delicate questions as to the ownership rights to the funds so converted. See *Garrett v. State,* 147 Ga. App. 666, supra. *Hall v. State,* 132 Ga. App. 612 (208 SE2d 621). The evidence did not demand a verdict of acquittal as to this count of theft by conversion, and this enumeration of error is not meritorious.

6. Defendant next contends that the state did not meet its burden of proof that the defendant signed and uttered certain checks with intent to defraud (the forgery counts) beyond a reasonable doubt as was the case in *Simmons v. State,* 144 Ga. App. 618 (241 SE2d 490). Nevertheless, the gravamen of the offense of forgery in the first degree is not only the "signing" but the "possession" of the checks purportedly endorsed by others and "uttering" (offering directly or indirectly to the public) said writings. See *Henderson v. State,* 146 Ga. App. 114, 115 (1) (245 SE2d 437); *Johnson v. State,* 158 Ga. App. 183, 184 (1) (279 SE2d 483). Defendant admits issuing all these checks as a tax commissioner but denied receiving any funds from them. The evidence is sufficient to show the checks were endorsed, possessed and uttered by the defendant. Two of the checks were cashed by an accomplice of defendant, as to these two checks, who testified he received the checks already endorsed from the possession of the defendant and defendant received most of the funds from the accomplice after collection by accomplice. Other checks were substituted for cash currency in various other accounts controlled by defendant, and his personal account disclosed money had been received or withdrawn from defendant's own personal checking account in connection with several of these checks. Proof was also offered that the defendant had endorsed certain of these checks and the possession of these checks was shown to be in the defendant who received funds from them when they were cashed. The evidence did not demand a verdict in the defendant's favor. See OCGA § 17-9-1 (Code Ann. § 27-1802), supra; *Henderson v. State,* 146 Ga. App. 114, 115 (1), supra; *Johnson v. State,* 158 Ga. App. 183, 184 (1), supra. Compare *Simmons v. State,* 144 Ga. App. 618, supra.

7. The remaining enumeration of error contends that the trial court erred in ordering the defendant, as a condition of his probation, to repay the salary paid him by the county prior to his conviction. The county board of commissioners suspended him from office but he was paid his salary while he was suspended from his duties as tax commissioner. OCGA § 42-8-35 (formerly Code Ann. § 27-2711 (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416)) sets out the terms and conditions of probation and provides in subsection (7) that the court can order reparation or restitution to any aggrieved person for the damage or loss caused by the offense. The defendant had continued to receive his salary while suspended from office. Yet OCGA § 45-5-6 (formerly Code Ann. § 89-506 (Ga. L. 1976, pp. 277, 278)) clearly states that suspended county officers "shall not receive income from his office." This, of course, deals with a conviction, and he would not be entitled to his salary unless his conviction be overturned. In such case, he could be entitled to all back income since suspension. In the absence of any express authority to the contrary, we see no logical reason why any condition imposed as a condition of probation of the sentence by the trial court should not be approved as the trial court is vested with a broad discretion. We do not inquire as to the authority of the board to suspend him. See *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223); *Geiger v. State,* 140 Ga. App. 800, 802 (3) (232 SE2d 109); *Mann v. State,* 154 Ga. App. 677, 681 (269 SE2d 863); *Parkerson v. State,* 156 Ga. App. 440 (274 SE2d 799); *Johnson v. State,* 162 Ga. App. 226 (291 SE2d 94); *Biddy v. State,* 138 Ga. App. 4, 5 (4) (225 SE2d 448); *Wilson v. State,* 151 Ga. App. 501, 504 (8) (260 SE2d 527). We do not find it to be illogical for the trial court, as a condition of probation, to require repayment of the salary he received while suspended. We find no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 5, 1983.

*James W. Oxendine, Robert V. Rodatus,* for appellant.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney,* for appellee.