IN the INTEREST OF R.L.C., a child adjudged delinquent: R.L.C., Appellant,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 83–021. Submitted on briefs June 1, 1983.—
Decided July 11, 1983.*
(Also reported in 338 N.W.2d 506.)

For the appellant the cause was submitted on the briefs of *Steven P. Weiss,* assistant state public defender of counsel, of Madison.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, with *Daniel J. O'Brien,* assistant attorney general of counsel, of Madison.

Before Wedemeyer, P.J., Decker and Moser, JJ.

MOSER, J. R.L.C. appeals from that portion of a juvenile dispositional order enforcing the payment of the $10 restitution requirement from a 1981 case. On appeal, R.L.C. claims that the trial court violated the double jeopardy clause by ordering him to pay this restitution of a former probation sentence. We agree and reverse this portion of the order.

This case would normally be decided by a single judge; however, pursuant to an order of the Chief Judge dated February 21, 1983, this appeal will be decided by a three-judge panel. On May 7, 1981, R.L.C. was placed on probation for one year for theft. One of the conditions of probation was that R.L.C. pay restitution of up to $10 for damages done during the theft. R.L.C. did not make the restitution and the period of probation lapsed.

On August 7, 1982, R.L.C. was arrested and a delinquency petition was filed charging him with burglary, contrary to sec. 943.10(1)(a), Stats., and obstructing an officer, contrary to sec. 946.41. At a dispositional hearing held September 27, 1982, the burglary charge was reduced to entry to a locked building, contrary to sec. 943.15. R.L.C. pled guilty to this charge and was placed on intensive probation for one year. As a condition of probation, R.L.C. was required to make the $10 restitution payment from the previous theft charge. R.L.C. appeals from this order.

The issue on appeal is whether the double jeopardy clause of the fifth amendment, as applied to the states through the fourteenth amendment of the United States Constitution and article I, section 8, of the Wisconsin Constitution are violated by reimposition of a restitution order from a previously lapsed probation order. We hold that they are and accordingly reverse that portion of the order.

A determination as to whether there has been a violation of the double jeopardy clause is a question of law.[1] As to questions of law, an appellate court need not give special deference to determinations of the trial court.[2]

The double jeopardy clause to the United States Constitution states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ."[3] Article I, section 8, of the Wisconsin Constitution states in part: "[N]o person for the same offense may be put twice in jeopardy of punishment . . . ." The double jeopardy clause to the United States Constitution was designed as much to prevent a defendant from being twice punished for the same offense as from being twice tried for it.[4] The double jeopardy provision is enforceable against the states through the due process clause.[5] It is clear from the above that the double jeopardy clauses of both the United States and the Wisconsin Constitutions prohibit the placing of a person twice in jeopardy of punishment.

Because the State made no attempt to enforce the $10 restitution order of May 7, 1981, which they clearly had the authority under the law to do,[6] we hold that the trial court's order violates the double jeopardy clauses of the

---

[1] *Baker v. Metcalfe,* 633 F.2d 1198, 1201 (5th Cir. 1981).

[2] *First Nat'l Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

[3] U.S. Const. amend. V.

[4] *North Carolina v. Pearce,* 395 U.S. 711, 718 (1969). In *State v. Jenich,* 94 Wis. 2d 74, 80, 288 N.W.2d 114, 117 (1980), our supreme court also recognized "that the double jeopardy provisions protect an accused not only against being twice subjected to punishment but also against being twice put to trial for the same offense."

[5] U.S. Const. amend. XIV; *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

[6] Sec. 48.365(1), Stats.; *see generally In re R.E.H.,* 101 Wis. 2d 647, 305 N.W.2d 162 (Ct. App. 1981).

United States and the Wisconsin Constitutions. Requiring R.L.C. to now make restitution under a lapsed order amounts to being punished twice for the same offense. *By the Court.*—Order reversed and cause remanded.