(981 P.2d 1178)
No. 80,269

STATE OF KANSAS, *Appellee*, v. SAM THOMAS, JR., *Appellant*.

Opinion filed May 21, 1999.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Jenna Knudson*, legal intern, *Elizabeth Rogers*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before GERNON, P.J., PIERRON, J., and PAUL E. MILLER, District Judge, assigned.

PIERRON, J.: Sam Thomas, Jr., appeals the district court's probation order confining him until an opening was available in the community corrections residential program. Thomas argues the court had no authority to indefinitely confine him pending placement in the community corrections residential program.

The facts are not in dispute. On September 18, 1995, Thomas pled guilty to possession of cocaine, possession of a controlled substance without a tax stamp, and criminal use of a weapon. His classification of 4-I put him in the presumptive probation portion of the sentencing grid for drug offenses. The district court sentenced Thomas to 24 months' probation.

On January 9, 1997, the district court conducted a probation violation hearing. Thomas admitted to eight violations of the conditions of his probation, including continued cocaine use. The court revoked Thomas' probation, but reinstated probation under the same terms and conditions except that he would be under the intensive supervision of community corrections, instead of adult probation.

On October 3, 1997, the district court conducted a second probation violation hearing. Thomas admitted to three violations of the conditions of his probation, including continued cocaine use. The court revoked Thomas' probation under the community corrections intensive supervision program. The court reinstated probation, but due to Thomas' continued drug use, ordered Thomas to be placed in the community corrections residential program. The court realized there were no beds currently available in the residential program and ordered Thomas to be held in jail until a bed became available. Thomas objected at the hearing stating that if he was confined in jail he would lose the continued drug treatment he had been receiving and the progress he had made.

On October 21, 1997, Thomas filed a motion to modify the terms and conditions of his probation. He argued the district court lacked authority to confine him beyond the 30 days permitted in K.S.A. 21-4610(c)(13), now K.S.A. 1998 Supp. 21-4610(c)(14), and K.S.A. 21-4602(c). Thomas' memorandum in support of his motion indicated that the community corrections program had been contacted and stated it would be another 4-6 weeks before a bed would be available. The court denied Thomas' motion. The court held the jail time was not a condition of Thomas' probation:

"The defendant's probation was reinstated to Community Corrections residential at the last hearing. The defendant was technically under the supervision of Community Corrections from the date of the Court's order. However, since a bed was not available, the defendant was ordered held in custody until a bed is available. The intervening jail time between the reinstatement to Community Corrections and the actual physical placement of the defendant in the residential unit is not a condition of defendant's probation. It's just a necessity caused by the residential unit being to capacity at the time of defendant's reinstatement.

"I find defendant's argument to be without—without merit. And this morning the defense raises another—puts forth another argument, and that is a public

policy argument. Well, I find that without merit, also. In fact, to the contrary, I find that there is a strong public policy argument to be made that the Court has a duty to the citizenry to ensure that defendants who continue to violate the conditions of their probation be kept off the street."

Because Thomas has already been placed in the community corrections residential program while this appeal has been pending, the State argues the appeal is moot.

Inasmuch as we decide actual controversies and issue judgments to be carried into effect, and we decline to give opinions on moot questions or abstract propositions, or declare principles which cannot affect the matter in issue, a defendant must present an actual controversy that requires adjudication. *State v. Zimmer*, 19 Kan. App. 2d 617, 618, 873 P.2d 1381 (1994). Here, Thomas asks this court to declare the district court had no authority to jail him while he waited to enter the community corrections residential program. Since his appeal, he has been given a bed in the residential program. Although clearly a controversy existed when Thomas waited in jail, the controversy no longer exists because of his placement in the program.

However, because the issue raised is capable of being repeated and is of public importance, we conclude Thomas' issue satisfies the public interest exception for mootness. See *Gibbons v. Brotherhood of Railway, Airline & Steamship Clerks*, 227 Kan. 557, 608 P.2d 1320 (1980); *Reece Shirley & Ron's Inc. v. Retail Store Employees Union & Local 782*, 225 Kan. 470, 592 P.2d 433 (1979). This case involves the interpretation of Kansas penal statutes that apply to individuals subject to criminal sentencing. Appeals from misapplication of these statutes will generally become moot prior to the time an appeal can be completed. However, future misapplication of these statutes is capable of being repeated when courts discover that residential programs are already full. The curtailment of future misapplication of these statutes is of public importance. We therefore believe we should address this issue, although as to Thomas the matter may be moot.

In a situation where a community corrections residential program is full, the alternatives for a defendant and the community are either to incarcerate the defendant or give the defendant a

more lenient probation, such as community corrections intensive supervision or regular adult probation. Thomas argues Kansas statutes do not give the sentencing court the authority to set the condition of probation at issue here. He contends that K.S.A. 21-4603d (now K.S.A. 1998 Supp. 21-4603d), the authorized dispositions statute, only authorizes a 30-day jail time as a condition of probation, and the district court lacked the authority to impose a seemingly indeterminate jail sentence pending his placement in the community corrections residential program. Thomas also states it is irrelevant whether the sentencing court considered this to be a condition of his probation. We agree.

Kansas courts have consistently recognized that probation is a privilege granted by the sentencing court and the court has broad power and authority in imposing conditions of probation so long as such conditions do not violate statutory law or constitute an abuse of discretion by the court. See *State v. Walbridge*, 248 Kan. 65, 68, 805 P.2d 15 (1991). The court in *State v. Starbuck*, 239 Kan. 132, 133, 715 P.2d 1291 (1986), stated: "Probation from serving a sentence is an act of grace by the sentencing judge and is granted as a privilege, not as a matter of right. The judge, when granting probation, has broad powers to impose conditions designed to serve the accused and the community."

Prior to July 1, 1991, 21-4610(c) did not include a specific provision expressly allowing a sentencing court to impose confinement in jail as a condition of probation. See K.S.A. 21-4610(3) (Ensley 1988). In *Walbridge*, 248 Kan. at 69, the court concluded that jail time constituted imprisonment and was, therefore, incompatible with probation.

Although the imposition of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.*, has curbed the district court's discretion in awarding prison or nonimprisonment sentences, if probation is granted, the district court's discretion in imposing conditions upon the probation has remained the same. See K.S.A. 1998 Supp. 21-4610(c).

When a defendant has been found guilty of a crime, K.S.A. 1998 Supp. 21-4603d controls as to the authorized dispositions permit-

ted a sentencing court. K.S.A. 1998 Supp. 21-4603d(a)(3) provides the sentencing court with the authority to

"release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons subject to such conditions as the court may deem appropriate. *In felony cases except for violations of K.S.A. 8-1567 and amendments thereto, the court may include confinement in a county jail not to exceed 30 days, which need not be served consecutively, as a condition of probation or community corrections placement."* (Emphasis added.)

The Kansas Legislature has also delineated a list of conditions the sentencing court may use in establishing a defendant's probation. K.S.A. 1998 Supp. 21-4610(c) states that the list of conditions stated therein is not an exhaustive list. However, in particular, K.S.A. 1998 Supp. 21-4610(c)(14) states that in setting probation, the sentencing court may order the defendant, "in felony cases, except for violations of K.S.A. 8-1567 and amendments thereto, be confined in a county jail not to exceed 30 days, which need not be served consecutively."

The State argues the requirement that Thomas remain in jail was not a condition of his probation, but rather a necessity due to the fact that he had been granted another probation opportunity, and there were no beds available at the residential community corrections facility. The State also cited the sentencing court's comments that the court has a duty to protect the citizenry from defendants who continue to violate their probation. The State also points out the court's only other option was to incarcerate Thomas, which he surely did not want.

We recognize the trial court had good intentions in jailing Thomas until a bed became available in the residential program. We also agree that the court has a duty to protect the citizenry from probationers who repeatedly violate the conditions of their probation. However, the reality is that the court cited no authority, nor is there any authority, to incarcerate Thomas beyond 30 days. The legislature has clearly spoken in this matter. See K.S.A. 1998 Supp. 21-4610(c)(14) and K.S.A. 21-4602(c).

Probation is an act of grace. Reinstatement of probation in this case was clemency of the highest nature. Thomas continued to use

drugs, yet somehow he persuaded the court to twice reinstate his probation. As the State points out, the defendant did not want to go to prison, but if there are no beds available in the residential program, the court can clearly order jail time for 30 days. After the 30-day period, the court can evaluate the situation and choose between sending the defendant to prison or giving a more lenient probation. These are the only options the court has.

We believe the district court's actions made good sense from a correctional standpoint. Unfortunately, we do not believe the court has the authority to incarcerate a defendant beyond the 30 days allowed in the statute under these facts. The authority to grant an extension of the 30-day period to await the availability of a bed in a specific facility would need to come from the legislature.

Reversed.