(11 P.3d 94)

No. 83,254

83,377

STATE OF KANSAS, *Appellee*, v. CHRISTOPHER R. HYMER, *Appellant.*

Opinion filed September 22, 2000.

*Daniel Estes*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Lesley A. McFadden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before GERNON, P.J., KNUDSON, J., and BUCHELE, S.J.

BUCHELE, S. J.: Christopher R. Hymer pled guilty to burglary and attempted theft on March 22, 1999. His criminal history score put him into a presumptive probation box on the sentencing grid. He was sentenced to 24 months' probation in residential community corrections with an underlying prison term of 13 months for burglary and 7 months for attempted theft, to run consecutively. Hymer was placed in the county jail until a bed became available in residential community corrections.

Additionally, at sentencing Hymer was ordered to pay $4,070.43 in restitution, which according to the trial court had been originally ordered in prior case 96 CR 50. This was ordered as a condition of probation in the current case. At the time of sentencing in the present case, Hymer had completed his 6-month jail sentence in case 96 CR 50 on February 1, 1998. His probation had been revoked on October 24, 1996. Hymer timely objected to this condition at sentencing and argued the court lacked jurisdiction.

After waiting in the county jail for 30 days without a bed space opening at residential community corrections, the trial court, upon its own motion, held a review hearing. Relying on *State v. Thomas,* 26 Kan. App. 2d 171, 981 P.2d 1178 (1999), the court sentenced Hymer to complete his sentence in the custody of the Secretary of Corrections.

In *Thomas,* the trial court had imposed a sentence of probation. The sentence became effective upon its pronouncement from the bench. *State v. Royse,* 252 Kan. 394, 397, 845 P.2d 44 (1993). "Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence." 252 Kan. at 398 (citing *State v. Zirkle,* 15 Kan. App. 2d 674, 678, 814 P.2d 452 [1991]). Thus, the court was powerless to modify or depart from the original sentence of probation. However, the court does have the power and jurisdiction to revoke the probation of the defendant and sentence the defendant to the underlying prison sentence. See *State v. Williams,* 20 Kan. App. 2d 142, 146, 884 P.2d 743 (1994).

It is important to note the *Thomas* court ruled only on the issue of holding a defendant past 30 days in the county jail awaiting an available space in some sort of probationary facility. The court stated: "After the 30-day period, the court can evaluate the situation and choose between sending a defendant to prison or giving a more lenient probation. These are the only options the court has." 26 Kan. App. 2d at 176. However, in *Thomas* the court could have sentenced defendant to prison without a departure because of defendant's violation of the conditions against drug use while on probation. Further, the court did not specifically address the proper way to handle a situation where a defendant has been in jail 30 days, with his presumptive sentence as probation.

At the time of the review hearing in this case, Hymer was on probation. He had spent 30 days in the county jail awaiting a bed in community corrections. The *Thomas* court held that the trial court may not hold a defendant past 30 days in a county jail awaiting placement in a probationary facility. 26 Kan. App. 2d at 176; See K.S.A. 21-4602(c); K.S.A. 1999 Supp. 21-4603d(a)(3); K.S.A. 21-4610(c)(14). The review hearing was for the court to determine what to do.

When placement in community corrections did not become feasible, the only choice the trial court had after the 30-day period was to release Hymer from jail to await placement or to modify the sentence to a more lenient probation. The decision to revoke probation is within the trial court's sound discretion. The court may not revoke probation unless it appears that the defendant has violated the terms and conditions of his or her probation. *State v. Van Winkle,* 256 Kan. 890, 896-97, 889 P.2d 749 (1995). The difficulty in this case is that Hymer's probation was revoked through no fault of his own due to the unavailability of a placement in community corrections.

In *State v. Snow,* 24 Kan. App. 2d 117, 123, 942 P.2d 57 (1997), the court concluded probation can be revoked even if the condition was violated through no fault of the defendant. In *Snow,* the presumptive sentence was incarceration. The result was to impose the presumptive prison sentence if Snow was not placed in Labette County Conservation Camp. Hymer's presumptive sentence was probation. Under the procedure employed by the trial court, Hymer was sentenced to prison without a finding being made on the record of substantial and compelling reasons for a departure, as required by K.S.A. 21-4716(a).

In essence, Hymer was sentenced to prison unless a bed became available in community corrections. This process resulted in his being given a prison sentence unless he achieved an unattainable condition. The trial court related its sentence of community corrections as a condition *for* probation, not a condition *of* probation.

As in *Snow,* if the trial court believed that Hymer should be sentenced to prison if community corrections was not available, it should have made a departure prison sentence and allowed Hymer probation conditioned upon placement in a residential facility.

The next issue is the trial court's inclusion as a condition of probation, that Hymer pay the restitution that was ordered in an earlier case.

A sentencing court has substantial discretion in determining the conditions of probation. The sentencing court also has substantial discretion when ordering the amount of restitution. Judicial discretion is abused when no reasonable person would take the view

adopted by the trial court. *State v. Hinckley*, 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989).

K.S.A. 1999 Supp. 21-4610(d)(1) says the trial court shall order a defendant to make restitution to the aggrieved party for the damage or loss caused by the crime, in a manner and amount determined by the court. Hymer argues the plain-language reading of this statute demonstrates that restitution ordered must be for the damage or loss caused by a defendant's current crime or conviction. This analysis is somewhat misguided. In the case at bar, the court did not make a finding that restitution should be made from a previous conviction. Rather, the court ordered Hymer to comply with a previous outstanding court order for restitution as a condition of his probation.

Ordering Hymer to comply with a previous order of the court as a condition of his probation is not controlled by K.S.A. 1999 Supp. 21-4610(d)(1), simply because the condition is restitution. The condition of probation is controlled by K.S.A. 1999 Supp. 21-4610 (c), which says the court may impose any condition of probation the court deems proper, then specifies a nonexclusive list of what conditions the court may impose on probation. K.S.A. 1999 Supp. 21-4610(d) is a subsection which is to be applied in addition to subsection (c).

In the previous case, Hymer's probation had been revoked and he had served his sentence. If restitution is strictly a condition of probation that would be discharged if a defendant violated probation and served a jail sentence, it would be treated as such in the statutes. However, the statutes treat restitution as a separate order, different from all other conditions of probation. Further, journal entries list restitution under the "costs ordered" section of the journal entry, not the probation section. Restitution is an order from the court which can be enforced by the beneficiary of the order or by the court itself. The order does not disappear if the defendant violates probation and is sent to prison. See generally, *Wininger v. Purdue University*, 666 N.E. 2d 455 (Ind. App. 1996) (A restitution order is not discharged by completion of probationary period.).

Affirmed in part, reversed in part, and remanded for resentencing.

KNUDSON, J., concurring and dissenting: I concur in part and dissent in part from the majority's holdings. I agree the district court revoked Hymer's probation without legal cause and resentencing is required. However, I do not agree the district court had authority to order restitution unrelated to the current crime of conviction.

First, *Wininger v. Purdue University*, 666 N.E.2d 455 (Ind. App. 1996), relied upon in the majority opinion, is not on point. This case dealt with the efficacy of a restitution order after the defendant has completed his or her term of probation. This case does not remotely suggest unpaid restitution can be reimposed in a subsequent, unrelated case after expiration of probation or completion of sentence in a previous case.

Second, I do not agree with the majority's sweeping interpretation of K.S.A. 21-4610. I recognize in *State v. Ball*, 255 Kan. 694, 701, 877 P.2d 955 (1994), earlier but similar versions of K.S.A. 21-4610 and K.S.A. 21-4603 were interpreted as not restricting an order of restitution to damages or loss caused by the defendant's crime of conviction. Under the facts in *Ball* and under the previous version of what is now K.S.A. 21-4610, K.S:A. 21-4610(d) did not trump the general language of K.S.A. 21-4610(c) as to the imposition of discretionary restitution. However, Justice Davis succinctly explained the limited holding of the court, stating:

"When, as here, a defendant has been charged with numerous offenses and has agreed to plead guilty to one or more counts and pay restitution for each of the charged offenses in exchange for the State's agreement to dismiss several charges, we hold that the sentencing court has authority to order the restitution provided in the plea agreement. We need not and do not address the legality of orders that a defendant pay restitution for crimes with which he has not been charged or crimes for which he has not agreed to pay restitution." 255 Kan. at 701.

Thus, *Ball* certainly does not address the issue now before us. However, *Ball* does intimate there are limits to the scope of permissible restitution orders under K.S.A. 21-4610(c). I do not believe the statute can be construed so broadly as to permit the reimposition of restitution from a prior criminal case wherein the

defendant served the entire sentence and is no longer on probation. Such a construction would open the floodgates to restitution orders for a multitude of wrongs wholly unrelated to the current crime case.

Finally, I believe the district court's order violates the Double Jeopardy Clause of the Fourteenth Amendment to the United States Constitution. See *In Interest of R.L.C.*, 114 Wis. 2d 223, 225-56, 338 N.W.2d 506 (Wis. App. 1983). In *R.L.C.*, the Wisconsin Court of Appeals was faced with similar facts and concluded reimposition of a restitution order from a previous criminal case places the defendant in a position of being twice punished for the same offense and violates the prohibition against double jeopardy. I agree. The mere threat of multiple punishments is inconsistent with the Double Jeopardy Clause, and, under the unusual facts of this case, the defendant's pleas of guilty to the current crimes of conviction should not preclude Hymer from raising this constitutional issue on appeal.