No. 83,254
No. 83,377

STATE OF KANSAS, *Appellee*, v. CHRISTOPHER R. HYMER,
*Appellant.*
(26 P.3d 63)

Opinion filed July 13, 2001.

*Daniel C. Estes*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the briefs for appellant.

*Lesley A. McFadden*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Christopher R. Hymer pled guilty to burglary and attempted theft. He was sentenced to probation and, as a condition of probation in this case, was ordered to pay restitution that originally had been ordered in a prior criminal case. Defendant timely objected to the condition. The Court of Appeals affirmed. *State v. Hymer*, 27 Kan. App. 2d 1054, 11 P.3d 94 (2000). This court granted defendant's petition for review.

Hymer states that the Court of Appeals accurately set out the facts in its opinion. They are repeated here:

"Christopher R. Hymer pled guilty to burglary and attempted theft on March 22, 1999. His criminal history score put him into a presumptive probation box on

the sentencing grid. He was sentenced to 24 months' probation in residential community corrections with an underlying prison term of 13 months for burglary and 7 months for attempted theft, to run consecutively. Hymer was placed in the county jail until a bed became available in residential community corrections.

"Additionally, at sentencing Hymer was ordered to pay $4,070.43 in restitution, which according to the trial court had been originally ordered in prior case 96 CR 50. This was ordered as a condition of probation in the current case. At the time of sentencing in the present case, Hymer had completed his 6-month jail sentence in case 96 CR 50 on February 1, 1998. His probation had been revoked on October 24, 1996. Hymer timely objected to this condition at sentencing and argued the court lacked jurisdiction." 27 Kan. App. 2d 1054.

The sole issue is whether an unpaid order of restitution made in a prior case can be imposed as a condition of probation in an unrelated, subsequent case. The Court of Appeals stated:

"K.S.A. 1999 Supp. 21-4610(d)(1) says the trial court shall order a defendant to make restitution to the aggrieved party for the damage or loss caused by the crime, in a manner and amount determined by the court. Hymer argues the plain-language reading of this statute demonstrates that restitution ordered must be for the damage or loss caused by a defendant's current crime or conviction. This analysis is somewhat misguided. In the case at bar, the court did not make a finding that restitution should be made from a previous conviction. Rather, the court ordered Hymer to comply with a previous outstanding court order for restitution as a condition of his probation.

"Ordering Hymer to comply with a previous order of the court as a condition of his probation is not controlled by K.S.A. 1999 Supp. 21-4610(d)(1), simply because the condition is restitution. The condition of probation is controlled by K.S.A. 1999 Supp. 21-4610(c), which says the court may impose any condition of probation the court deems proper, then specifies a nonexclusive list of what conditions the court may impose on probation. K.S.A. 1999 Supp. 21-4610(d) is a subsection which is to be applied in addition to subsection (c).

"In the previous case, Hymer's probation had been revoked and he had served his sentence. If restitution is strictly a condition of probation that would be discharged if a defendant violated probation and served a jail sentence, it would be treated as such in the statutes. However, the statutes treat restitution as a separate order, different from all other conditions of probation. Further, journal entries list restitution under the 'costs ordered' section of the journal entry, not the probation section. Restitution is an order from the court which can be enforced by the beneficiary of the order or by the court itself. The order does not disappear if the defendant violates probation and is sent to prison. See generally, *Wininger v. Purdue University*, 666 N.E.2d 455 (Ind. App. 1996) (A restitution order is not discharged by completion of probationary period.)." 27 Kan. App. 2d at 1057.

Judge Knudson dissented from the part of the majority's opinion that concerned restitution. He stated:

"I do not agree the district court had authority to order restitution unrelated to the current crime of conviction.

"First, *Wininger v. Purdue University*, 666 N.E.2d 455 (Ind. App. 1996), relied upon in the majority opinion, is not on point. This case dealt with the efficacy of a restitution order after the defendant has completed his or her term of probation. This case does not remotely suggest unpaid restitution can be reimposed in a subsequent, unrelated case after expiration of probation or completion of sentence in a previous case.

"Second, I do not agree with the majority's sweeping interpretation of K.S.A. 21-4610. I recognize in *State v. Ball*, 255 Kan. 694, 701, 877 P.2d 955 (1994), earlier but similar versions of K.S.A. 21-4610 and K.S.A. 21-4603 were interpreted as not restricting an order of restitution to damages or loss caused by the defendant's crime of conviction. Under the facts in *Ball* and under the previous version of what is now K.S.A. 21-4610, K.S.A. 21-4610(d) did not trump the general language of K.S.A. 21-4610(c) as to the imposition of discretionary restitution. However, Justice Davis succinctly explained the limited holding of the court, stating:

'When, as here, a defendant has been charged with numerous offenses and has agreed to plead guilty to one or more counts and pay restitution for each of the charged offenses in exchange for the State's agreement to dismiss several charges, we hold that the sentencing court has authority to order the restitution provided in the plea agreement. We need not and do not address the legality of orders that a defendant pay restitution for crimes with which he has not been charged or crimes for which he has not agreed to pay restitution.' 255 Kan. at 701.

"Thus, *Ball* certainly does not address the issue now before us. However, *Ball* does intimate there are limits to the scope of permissible restitution orders under K.S.A. 21-4610(c). I do not believe the statute can be construed so broadly as to permit the reimposition of restitution from a prior criminal case wherein the defendant served the entire sentence and is no longer on probation. Such a construction would open the floodgates to restitution orders for a multitude of wrongs wholly unrelated to the current crime case." *Hymer*, 27 Kan. App. 2d at 1058-59.

Judge Knudson also believed the district court's order violated the Double Jeopardy Clause of the Fourteenth Amendment to the United States Constitution, citing *In Interest of R.L.C.*, 114 Wis. 2d 223, 225-26, 338 N.W.2d 506 (Wis. App. 1983).

K. S. A. 2000 Supp. 21-4610(c) provides that the sentencing judge may impose conditions of probation and lists 14 possible conditions, only one of which relates to restitution:

"(c) The court may impose any conditions of probation, suspension of sentence or assignment to a community correctional services program that the court deems proper, including but not limited to requiring that the defendant:

. . . .

(11) perform services under a system of day fines whereby the defendant is required to satisfy fines, costs or reparation or restitution obligations by performing services for a period of days determined by the court on the basis of ability to pay, standard of living, support obligations and other factors."

K.S.A. 2000 Supp. 21-4610(d) provides that the sentencing judge shall order the defendant to comply with three statutorily set conditions—make reparation or restitution, pay the probation or community correctional services fee, and reimburse the State for any indigent defense service fees and costs:

"(d) In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court shall order the defendant to comply with each of the following conditions:

(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail the reasons therefor;

(2) pay the probation or community correctional services fee pursuant to K.S.A. 21-4610a, and amendments thereto; and

(3) reimburse the state general fund for all or a part of the expenditures by the state board of indigents' defense services to provide counsel and other defense services to the defendant. In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose. A defendant who has been required to pay such sum and who is not willfully in default in the payment thereof may at any time petition the court which sentenced the defendant to waive payment of such sum or of any unpaid portion thereof. If it appears to the satisfaction of the court that payment of the amount due will impose manifest hardship on the defendant or the defendant's immediate family, the court may waive payment of all or part of the amount due or modify the method of payment. The amount of attorney fees to be included in the court order for reimbursement shall be the amount claimed by appointed counsel on the payment voucher for indigents' defense services or the amount prescribed by the board of indigents' defense services reimbursement tables as provided in K.S.A. 22-4522, and amendments thereto, whichever is less."

The difference between subsections (c) and (d) of K.S.A. 2000 Supp. 21-4610 is the statutory basis for the majority opinion of the Court of Appeals. The majority viewed the statutory treatment of restitution in subsection (d), which governs costs, as signifying that restitution is not strictly a condition of probation. On this ground, the majority concluded that a restitution order is not discharged by completion of a term of imprisonment or completion of a probationary period. 27 Kan. App. 2d at 1057. The majority cites generally *Wininger v. Purdue University*, 666 N.E.2d 455 (Ind. App. 1996). An undischarged restitution order from Case A, according to the majority opinion, therefore, may be imposed as a condition of probation in Case B under subsection (c) of K.S.A. 2000 Supp. 21-4610, as a matter of discretion.

The dissenting opinion takes issue with the majority's leap from the principle that a restitution order is not discharged by expiration of probation or completion of a sentence to the conclusion that the sentencing court had authority to order restitution unrelated to the current crime of conviction. 27 Kan. App. 2d at 1058. *State v. Ball*, 255 Kan. 694, 701, 877 P.2d 955 (1994), is cited as "intimat[ing] there are limits to the scope of permissible restitution orders under K.S.A. 21-4610(c)."

Petitioner cites a Florida case, *Small v. State*, 587 So. 2d 597 (Fla. Dist. App. 1991), in which state statutes were the basis for the decision that restitution may be ordered as a condition of probation only for loss caused by the crime for which defendant is being sentenced. In a prosecution for writing a worthless check for $180.22 worth of groceries, Small was ordered, as a condition of probation, to pay restitution in the amount of $613.19, which was the sum of the current worthless check plus a balance of $432.97 on earlier bad check charges. One Florida statute authorized an order requiring the defendant to make restitution to the victim for damage or loss caused by the offense, and another statute bestowed broad discretion on the sentencing court to impose terms and conditions. The Florida Court of Appeals concluded that the causation requirement of the one statute was a singular limitation on the broad discretion granted by the other: "[W]hatever the breadth of judicial discretion in fashioning other conditions of probation,

when the condition of probation is that restitution be paid, the payment may be ordered only for a loss *caused* by the offense for which defendant is being sentenced." 587 So. 2d at 599. The Court of Appeals quashed the portion of the probation order that required the defendant to pay, as a condition of probation, restitution ordered in previous prosecutions.

There are several cases from other states in which state statutes were the basis for the decisions: *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (Ariz. App. 1978); *LaPann v. State*, 167 Ga. App. 288, 306 S.E.2d 373 (1983); and *Collins v. State*, 701 S.W.2d 275 (Tex. Crim. App. 1985). In each case, the State probation statute authorized restitution as a condition of probation. Only in the Georgia case was there discussion of a statutory provision that limited restitution to the consequences of the crime of conviction. Thus, the Arizona and Texas courts were not presented with the question central to the present case, which is whether the probation statute should be interpreted as limiting restitution to losses due to the crime of conviction.

In *LaPann*, defendant LaPann was a county tax commissioner. The board of county commissioners suspended him on suspicion of theft and forgery and continued to pay his salary until he was convicted of the crimes, but a Georgia statute prohibited a suspended county officer from receiving income from his office. The trial court ordered LaPann, as a condition of his probation, to repay the salary he received while suspended. A Georgia statute permitted the sentencing judge to order "restitution to any aggrieved person for the damage or loss caused by the offense." 167 Ga. App. at 292. The Court of Appeals refused to overturn the restitution order: "In the absence of any express authority to the contrary, we see no logical reason why any condition imposed as a condition of probation of the sentence by the trial court should not be approved as the trial court is vested with a broad discretion." 167 Ga. App. at 292.

In *Cummings*, the Arizona Court of Appeals found no abuse of the trial court's discretion "in ordering the defendant, as a term of probation in this burglary case, to make restitution for a loss incurred in a prior burglary committed by the defendant." 120 Ariz.

at 70-71. Cummings pled guilty to burglarizing his former employee on April 4, 1977. He confessed to burglarizing the same premises several weeks earlier and taking goods valued at $1870, but he was never charged with the earlier offense. As a condition of his probation for the April burglary, Cummings was ordered to make restitution for the loss his former employer suffered in the uncharged burglary. Arizona's probation statute authorized restitution as a condition of probation, and it was "the law of Arizona that an appellate court is reluctant to interfere with the trial court's discretion in imposing conditions of probation and will uphold any conditions reasonably related to reparations . . . ." 120 Ariz. at 70.

In *Collins*, defendant Collins was convicted of falsifying an application for AFDC benefits in April 1983. As a condition of probation, she was ordered to pay restitution to the Texas Department of Human Resources for payments improperly received from December 1981 to December 1983 resulting from an earlier, uncharged falsification as well as payments resulting from the April 1983 offense. The Texas statute allowed the trial court to impose as a condition of probation an order for restitution " 'in any sum the court shall determine.' " 701 S.W.2d at 276. Once it determined that there was a factual basis in the record for the amount ordered for restitution, the Court of Appeals concluded "that the trial court did not err in basing the amount of restitution upon appellant's prior improprieties concerning AFDC benefits." 701 S.W.2d at 277.

The statutory considerations in the Arizona and Texas cases differ, as already noted, from the present case. A couple of additional distinguishing factors are significant.

One is the apparent lack of a nexus, in the present case, between the crime of conviction and the conduct for which restitution was imposed. In each of the foreign cases, the uncharged behavior for which restitution was ordered was closely connected to the crime of conviction. In the Georgia case, restitution was for unearned salary paid to defendant while he was suspended pending conviction. In the Arizona and Texas cases, the person or entity that suffered a loss as a result of the defendant's charged crime was the

same person or entity that suffered a loss as a result of the defendant's uncharged offense. Furthermore, the charged and uncharged offenses were the same. In the Arizona case, defendant twice burglarized his former employer. In the Texas case, defendant twice falsified applications for AFDC benefits. In his dissenting opinion in the present case, Judge Knudson states his disagreement with the majority in terms of the trial court's "authority to order restitution unrelated to the current crime of conviction," 27 Kan. App. 2d at 1058, and warns against "open[ing] the floodgates to restitution orders for a multitude of wrongs wholly unrelated to the current crime case." 27 Kan. App. 2d at 1059.

The second distinguishing factor is that in the foreign cases restitution was ordered for uncharged conduct, but in the present case Hymer was ordered to pay restitution that was imposed upon a prior conviction and after defendant completed that sentence. Reimposition of a restitution order from a prior criminal conviction, in the view of the dissenting judge, constitutes double jeopardy.

Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. In so doing, all provisions of the act are to be considered *in pari materia* rather than isolated parts, with the objective to reconcile, if possible, the different provisions so as to make them consistent and harmonious. See *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

The majority's dissection of the probation statute deviates from those principles. The majority's construction also neglects the principle that the more specific of two competing provisions controls. *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 311, 955 P.2d 1136 (1998). Thus, the majority's conclusion that the sentencing judge's imposition of a condition to make restitution could be exempted from the subsection (d) requirement that damage or loss be caused by the defendant's crime of conviction simply by deeming it imposed under subsection (c) is flawed.

Applying the above principles of statutory construction, we conclude that the terms of K.S.A. 2000 Supp. 21-4610(d) specific to

restitution controls its imposition as a condition of probation. The distinction made by the majority between an order to make restitution from a previous conviction and to comply with a previous outstanding order for restitution is one without a difference. The majority incorrectly holds that the trial court is not limited in ordering restitution for the damage or loss caused by the offense for which the defendant is being sentenced. Here, the restitution clearly was not caused by the burglary or attempted theft committed by the defendant.

In *Ball*, we held the sentencing judge has authority to order the restitution provided in the plea agreement. That could include restitution for any crime or crimes committed by the defendant whether or not he has been charged with the crime. 255 Kan. at 701. However, absent an agreement by the defendant, K.S.A. 2000 Supp. 21-4610(d) limits restitution that can be imposed as a condition of probation. Here, there was no agreement providing that the previous order for restitution could be imposed as a condition of probation. Thus, the condition of probation was improper. We note in passing that 21-4610(d) would not preclude restitution for such loss or damages at issue in the *LaPann* or *Collins* cases. Those losses were caused, directly or indirectly, by the crime for which the defendant was sentenced.

We reverse the Court of Appeals and vacate the condition of probation ordering restitution in the amount of $4,070.43. We note that the majority opinion in the Court of Appeals does not address the issue concerning double jeopardy raised by the defendant. Because of our decision to reverse the Court of Appeals on statutory grounds, we need not address it.

Judgment of the Court of Appeals affirming the district court is reversed; judgment of the district court is reversed and the case is remanded.