NOT DESIGNATED FOR PUBLICATION

Nos. 119,194
119,195

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SERGIO JESUS NUNEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed May 3, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BRUNS, J., and BURGESS, S.J.


PER CURIAM: Sergio Jesus Nunez appeals from the district court's revocation of his post-imprisonment supervision. On appeal, Nunez contends that he could not comply with reporting requirements for post-imprisonment supervision because of his deportation by federal authorities. Because we find that Nunez' deportation does not excuse compliance with the terms of his post-imprisonment supervision, we conclude that the district court did not err by revoking his post-imprisonment supervision or by ordering him to serve the remainder of his jail time. Thus, we affirm.

1

On December 3, 2015, Sergio Jesus Nunez—a citizen of Honduras—pleaded guilty to felony driving under the influence of alcohol and driving with a suspended license in two separate cases. At the plea hearing, the district court asked Nunez this question:

> "I want to make sure you understand. I don't know your [immigration] status, and you're probably here legally, but a person who is not a citizen in the United States could face deportation as noted in the plea agreement. Do you understand that?"

Nunez responded, "Yes."

At the end of the plea hearing, the district court accepted Nunez' plea and found him guilty in both cases. In the first case, the district court sentenced Nunez to 15 months in jail, suspended to probation. In the second case, the district court sentenced him to a consecutive sentence of 12 months in jail. The district court also ordered Nunez to complete a 12-month term of post-imprisonment supervision. The district court clarified that Nunez would be eligible for work release after he served nine months and would start his post-imprisonment supervision.

On April 18, 2017, the State moved to revoke Nunez' post-imprisonment supervision. In its motion, the State claimed that Nunez violated the terms of his post-imprisonment supervision by failing to report. It is undisputed that shortly after Nunez was initially released from jail, he was arrested by federal Immigration Customs Enforcement (ICE) officers and was deported.

The district court held a hearing on the State's motion on January 29, 2018. By that time, Nunez had returned to Kansas and was present at the hearing. Nunez admitted to the district court that he did not report for post-imprisonment supervision as required.

However, he argued that he was unable to report because he had been deported. Moreover, the district court was advised that there was another ICE hold on Nunez and that he would likely be deported again.

The district court addressed Nunez regarding his desire to agree that he had violated the terms of his post-imprisonment supervision:

> "THE COURT:  Do you still wish to agree that you violated your supervision by not reporting?
> "THE DEFENDANT:  Yes.
> "THE COURT:  You realize that you could be deported again?
> "THE DEFENDANT:  Well, I don't have papers, so what else can I expect?"

The district court accepted Nunez' stipulation and ordered him to "serve the balance of [his] time." According to the record, Nunez had 127 days left to serve. Due to the deportation situation, the district court did not require that Nunez serve the balance of his post-imprisonment time. Thereafter, Nunez timely appealed.

ANALYSIS

On appeal, Nunez contends that "[t]he district court erred in finding that . . . Nunez violated his post-imprisonment by failing to report when it was undisputed that [he] could not report because he had been detained and deported by Immigration and Customs Enforcement (ICE)." In other words, Nunez argues that the district court erred in finding that he violated the terms of his post-imprisonment supervision because "it was impossible for him to do so due to the actions of ICE." In response, the State argues that Nunez stipulated to the violation of the terms of his post-imprisonment probation, that deportation is not a valid excuse for his failure to report, and that he committed a new crime by reentering United States without authorization after being deported.

3

Post-imprisonment supervision is "'akin to probation'" and can be revoked in the same manner. *State v. Castillo*, 54 Kan. App. 2d 217, 227, 397 P.3d 1248 (2017). The district court's grant of "[p]robation is an act of grace" and is "not as a matter of right." *State v. Robles*, No. 105,532, 2012 WL 651861, at *2 (Kan. App. 2012) (unpublished opinion); see *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). "For probation revocation to be appropriate, the State must show by a preponderance of the evidence that the probationer has violated the terms of his probation." *State v. Contreras-Villegas*, No. 112,091, 2015 WL 4578102, at *1 (Kan. App. 2015) (unpublished opinion).

After the State establishes that the probationer violated his or her probation, the district court has discretion whether to revoke that probation. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A district court's action is an abuse of discretion only if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Based on our review of the record on appeal, we find no abuse of discretion in this case. Instead, we conclude that the district court's appropriately applied the law and reached a decision that was reasonable under the circumstances presented.

Here, it is undisputed that Nunez stipulated that he violated his post-imprisonment supervision at the revocation hearing held on January 29, 2018. This court has consistently held that deportation does not affect a district court's ability to revoke a defendant's probation. Specifically, we have held that "deportation does not excuse a probationer's duty to comply with the terms of his probation, including the duty to report to his probation officer." *Contreras-Villegas*, 2015 WL 4578102, at *2.

We note that *Contreras-Villegas* is consistent with the holding in many other cases involving similar facts to those presented here. See, e.g., *Robles*, 2012 WL 651861, at *2; *State v. Servin-Alfaro*, No. 103,114, 2011 WL 767889, at *2 (Kan. App. 2011)

4

(unpublished opinion); *State v. Tupas*, No. 100,100, 2009 WL 1140323, at *2 (Kan. App. 2009) (unpublished opinion); *State v. Grave-Perez*, No. 98,169, 2008 WL 1946842, at *1 (Kan. App. 2008) (unpublished opinion); *State v. Reyes-Marquez*, No. 98,971, 2008 WL 3852178, *2-3 (Kan. App. 2008) (unpublished opinion); *State v. Lamas*, No. 96,050, 2007 WL 881846, at *2-3 (Kan. App. 2007) (unpublished opinion); *State v. Najera*, No. 95,305, 2007 WL 570183, at *1 (Kan. App. 2007) (unpublished opinion); *State v. Portillo*, No. 91,245, 2004 WL 2085734, at *4 (Kan. App. 2004) (unpublished opinion).

Instead of addressing these cases, Nunez cites us to *State v. Hymer*, 27 Kan. App. 2d 1054, 11 P.3d 94 (2000), *rev'd on other grounds* 271 Kan. 716, 26 P.3d 63 (2001), arguing "that a district court cannot revoke probation where a defendant, through no fault of his own, was unable to meet a probation condition." We find *Hymer* to be distinguishable from this case. In that case, a defendant—through no fault of his own—was unable to fulfill the terms of his probation because a bed did not become available at a residential community corrections facility. 27 Kan. App. 2d at 1054.

Here, it cannot be said that Nunez shared no responsibility in his failure to comply with the terms of his post-imprisonment supervision. See *Servin-Alfaro*, 2011 WL 767889, at *2 (noting that *Hymer* "did not involve deportation, and the violation . . . was actually beyond the control of the defendant"); *Najera*, 2007 WL 570183, at *1 (distinguishing *Hymer* defendant and concluding that the defendant "violated his probation when he failed to report regardless of whether the failure was caused by his deportation"); *Portillo*, 2004 WL 2085734, at *3 (recognizing that while the defendant in *Hymer* did not violate any of the terms his probation, defendant Portillo did violate the terms of his probation "when he failed to report to his probation officer, even though this failure was allegedly caused by his deportation").

For these reasons, we find that the district court did not err in applying the law to the facts. We also find that the decision reached by the district court was reasonable given

the circumstances presented. Thus, based on the facts of this case and the existing caselaw, we conclude that the district court did not abuse its discretion or error as a matter of law when it revoked Nunez' post-imprisonment supervision or when it ordered him to serve the remainder of his jail time.

Affirmed.